NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-709


ANGELINA JACK, ET AL.

VERSUS

KAYLA THIBODEAUX, ET AL.


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 65817-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.


AFFIRMED.


Jimmy L. Dauzat
Dauzat, Falgoust, Caviness and Bienvenu, L.L.P.
P.O. Box 1450
Opelousas, LA 70571-1450
(318) 942-5811
Counsel for Defendant/Appellee:
    State Farm Insurance Company

Anne E. Watson
Dupre & Watson, L.L.C.
232 N. Liberty Street
Opelousas, LA 70570
(337) 942-9790
Counsel for Plaintiffs/Appellees:
    Angelina Jack, et al.

Wade A. Langlois, III
Gaudry, Ranson, Higgins & Gremillion, L.L.C.
401 Whitney Avenue, Suite 500
Gretna, La 70056
(504) 362-2466
Counsel for Defendants/Appellants:
 Paul Jolivette
 American Home Assurance Insurance Company

Michael Patrick Corry
Briney & Foret
P. O. Box 51367
Lafayette, LA 70505-1367
(337) 237-4070
Counsel for Defendant/Appellee:
 Progressive Insurance Company

**DECUIR, Judge.**

This lawsuit resulted from a three car accident which occurred on November 24, 2003. Angelina Jack and her two children, guest passengers in a vehicle driven by Kenneth Guillory, sued Guillory and the two drivers following him, Paul Jolivette and Kayla Thibodeaux, and their insurers. After a bench trial, the court apportioned fault between Jolivette and Thibodeaux and awarded damages to Jack and her children. Jolivette and his insurer, American Home Assurance Insurance Company, appeal. For the following reasons, we affirm.

This rear-end collision occurred on North University Avenue just outside the City of Lafayette. Guillory was driving a Ford Taurus and had seven passengers with him. In addition to Jack and her two children, Danielle Clark and her three children were also in the Taurus. Clark was Guillory's girlfriend at the time, and she and Jack are sisters. They were driving home to Ville Platte when they decided to make a stop on Blaine Street which intersects University Avenue. Paul Jolivette was driving a van owned by his employer, Sysco Food Services. He was returning to his office after finishing work for the day. Kayla Thibodeaux was following behind Jolivette driving a Honda Accord. She had her baby in the car with her.

Guillory testified that as he slowed to make a right turn onto Blaine Street, he was hit from behind by the Sysco van. Moments later he was hit again by the van. He testified that he had his right turning signal on. By contrast, Jolivette testified that Guillory did not have his turning signal on. He explained that he was trying to pass the slow moving Taurus when it came to an abrupt stop in the middle of the street. At the time of the accident, Jolivette wrote in a statement that he avoided hitting the Taurus, but then was hit by the Accord and pushed into the Taurus. Jolivette said that the impact was not hard and there was no damage to the vehicles. Jolivette also said that the Taurus had been speeding up and slowing down for about two miles, indicating to him that the driver wanted Jolivette to wreck into him. Thibodeaux's deposition testimony, however, indicated that she saw nothing unusual about the

speed of the Taurus. She had noticed the van about two miles before the accident scene and did not see it having to brake frequently for the car in front of it. She also testified that she saw the van hit the Taurus, and she wrecked into the van after that impact. Both Jack and Clark testified that the Sysco van hit the Taurus twice.

At the time of trial, Thibodeaux was no longer part of the suit and she did not appear at trial. Jolivette testified and admitted that he was in a hurry and was trying to pass the Taurus because it was going too slow. His defense, however, was that Guillory purposely caused the accident by coming to a sudden stop in the road. He said that Guillory had been driving as though he wanted to be rear-ended and had planned the accident with the help and encouragement of both Jack and Clark. Jack has a long history of car accidents and several pre-existing injuries from those accidents. Sworn statements were taken from two of Guillory's siblings who essentially accused Guillory of planning the accident so that Jack and Clark could get money. Their motivation for giving this information was their intense dislike of their brother's girlfriend, Clark, and their desire to see their brother "do the right thing."

The trial court considered the evidence and found Jolivette 80% at fault in causing the accident and Thibodeaux 20% at fault. Jack was awarded $50,000.00 in damages and her children were each awarded $5,000.00 in damages. In Jolivette's appeal, damages are not at issue. Rather, Jolivette complains of certain evidentiary rulings of the trial court and contests the apportionment of fault. He contends the alleged errors on evidentiary matters require this court to conduct a *de novo* review of the case and render a new judgment.

We are governed by the abuse of discretion standard of review for evidentiary rulings of a trial court. *Johnson v. First Nat'l Bank of Shreveport*, 00-870 (La.App. 3 Cir. 6/20/01), 792 So.2d 33, *writs denied*, 01-2770, 01-2783 (La. 1/4/02), 805 So.2d 212, 213. However, "if a trial court has committed error in its evidentiary rulings such that the jury verdict is tainted by the errors, the appellate court should conduct

2

a de novo review. *Evans v. Lungrin*, 97-541, 97-577 (La.2/6/98), 708 So.2d 731; *McLean v. Hunter*, 495 So.2d 1298 (La.1986)." *Vaughn v. Progressive Sec. Ins. Co.*, 03-1105 (La.App. 3 Cir. 3/2/05), 896 So.2d 1207, 1213.

In an effort to prove the extent of damage to Guillory's Ford Taurus, Jolivette offered into evidence several photographs taken at the scene of the accident. The plaintiff objected, however, because the photographs had not been provided to counsel prior to trial as requested. The trial court sustained the objection and the photographs were proffered into evidence. Other evidence of the damage to the Taurus included the testimony of Guillory, Jack, and the investigating officer.

After reviewing the transcript in this case, we find the trial court was fully justified in refusing to admit the photographs into evidence. Defense counsel had no valid excuse for failing to fulfill discovery requests, and the trial court is afforded great discretion in rendering a decision to prohibit the use of photographs and other similar evidence:

> It is significant to note, however, their [surveillance tapes'] admission into evidence is largely within the trial court's discretion. *Olivier v. LeJeune*, 95-0053 (La.2/28/96), 668 So.2d 347.
>
> The trial court refused to admit a second video tape offered by Martin as evidence. In April of 1998, Mier filed a request for Production of Documents and Things, seeking among other items, all video tapes. Martin complied by disclosing only one video surveillance tape. His attorney claimed he "forgot" to send the second tape. The courts have said discovery is a fundamental component of the trial process. We cannot say the trial court abused its discretion in finding the tape was tendered too late and admitting it would unfairly disadvantage the plaintiff who sought timely discovery in advance of trial.

*Mier v. Martin,* 99-989 (La.App. 3 Cir. 12/22/99), 755 So.2d 958, 962-963. *See also, Waste Mgmt. of La., LLC v. Tadlock Pipe & Equip., Inc.*, 04-1151 (La.App. 3 Cir. 12/8/04), 889 So.2d 457, *writ denied*, 05-0014 (La. 3/18/05), 896 So.2d 1005.

Jolivette's second evidentiary complaint concerns a sworn statement taken from Guillory's mother who died before trial and before the plaintiff was afforded an

3

opportunity to depose her. The statement was taken shortly after suit was filed and was taken without the knowledge or participation of the plaintiff. In pretrial discovery dated May of 2005, the plaintiff requested copies of all statements. The statement from Guillory's mother was not provided until March of 2006, after the witness had died. The statement itself is hearsay, and the defense contends it is admissible under the broad category of hearsay exceptions listed at La.Code Evid. art. 804(B)(6). The trial court disagreed, finding nothing to establish the trustworthiness of the statement.

We agree. The statement was not provided in a timely manner in response to discovery requests, and its trustworthiness was not established in the record. We find no abuse of the trial court's vast discretion in this evidentiary ruling. Consequently, we are precluded from conducting a *de novo* review of the record as requested by Jolivette. *See, Waste Mgmt.,* 889 So.2d 457.

Thus, we are relegated to a manifest error review of the merits of this case. After conducting a thorough review of the record, we cannot say the trial court was manifestly erroneous or clearly wrong in its apportionment of fault. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Paul Jolivette and American Home Assurance Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.