# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 03-1609

**JOHN YEAGER**

**VERSUS**

**ALLSTATE INSURANCE COMPANY AND TERENTHIA JASWAR ADAMS**

**************

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NUMBER 02-0313
HONORABLE J. PHILIP TERRELL, PRESIDING

**************

**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Oswald A. Decuir, Judges.

**AFFIRMED.**

Phillip G. Hunter
Heidel A. Schneider
Hunter & Morton
P.O. Box 11710
1916 Gus Kaplan Drive
Alexandria, Louisiana 71315
(318) 487-1997
COUNSEL FOR PLAINTIFF/APPELLEE:
    John Yeager

Michael T. Johnson
Valerie M. Thompson
Johnson & Siebeneicher, Inc.
P.O. Box 648
Alexandria, Louisiana 71309
(318) 484-3911
COUNSEL FOR DEFENDANT/APPELLANT:
    Allstate Insurance Company
    Terenthia Jaswar Adams

**COOKS, Judge.**

## STATEMENT OF THE FACTS

On June 1, 2001, John Yeager was driving his 1996 Nissan XE pickup truck on Highway 71 in Pineville. He stopped at a red light and was rear-ended by a vehicle driven by Terenthia Jaswar Adams. Ms. Adams was insured by Allstate Insurance Company. Allstate stipulated to liability. Immediately following the accident, Mr. Yeager presented to the emergency room of Rapides General Medical Center complaining of pain in his back. He was treated for his back injury by Dr. Vincent Mallory at the LSU Family Practice Center, by Dr. John Cobb, an orthopedic surgeon and by Dr. Babson Fresh, a neurologist. On July 2, 2001, Dr. John Cobb ruled out a herniated disc and recommended physical therapy for Mr. Yeager's bilateral lumbar spine pain. On July 23, 2001, Dr. Fresh examined Mr. Yeager and found tenderness in the midline at the T12-L1 level. He determined the injury was a thoracolumbar strain with residual pain. The "[l]ength of time to full recovery [was] not determinable." The record reflects Mr. Yeager underwent physical therapy at the Louisiana Physical Therapy Clinic during the months of July and August 2001. He remained under the primary care of Dr. Vincent Mallory. Mr. Yeager testified from October 2001 to December 2001 he was in constant pain at night. Mr. Yeager, whose job was to cut and haul firewood, experienced decreased stamina, and pain with over exertion. During this time period, he was not able to lift or cut and deliver firewood. He testified prior to his accident he was able to cut and haul firewood all day. After the accident he was restricted to a four to five hour workday. Mr. Yeager testified his father, a retired physician, prescribed pain and sleep medication for him during these interim months when the pain prevented him from functioning during the day and sleeping at night. Mr. Yeager testified he currently experiences a "dull pain" in his lower back as a residual from the accident. Mr. Yeager incurred $4,566.00 in medical

expenses. No claim was made for lost wages. The trial court awarded $19,000.00 in general damages. Allstate filed this appeal asserting the amount awarded by the trial court was excessive. We disagree and affirm the decision of the trial court.

## LAW AND DISCUSSION

In his reasons for judgment, the trial court stated:

> Coverage was stipulated. After carefully considering the testimony of Mr. Yeager, which the court finds to be completely credible, in particular his residual damages that he testified, that he still suffers pain today, but not to the extent that he had, his medical specials were forty-five hundred and sixty six dollars ($4,566.00), and those are awarded. After reviewing Dr. Cobb's report and the . . . all the medical that was submitted, Dr. Mallory's narrative, as well as Dr. Culvert's, the court finds that the appropriate general damage award in connection with this matter is nineteen thousand dollars ($19,000.00). The court awards that, plus the medical specials mentioned earlier, plus all costs of this proceeding.

The trial court found Mr. Yeager a credible witness and Allstate presented no evidence to refute his testimony regarding the degree and length of time he experienced pain associated with the accident. The medical evidence corroborates the testimony of the plaintiff. Credibility determinations are factual issues to be resolved by the trier of fact and should not be disturbed on appeal absent manifest error. *Lasyone v. Kansas City Southern R.R.*, 00-2628 (La. 4/3/01), 786 So.2d 682. Further, a trial court is afforded wide discretion is determining awards and will not be reversed on appeal absent a finding of manifest error. In reviewing an award of general damages, the appellate court reviews the exercise of discretion by the trial court. *Wainwright v. Fontenot*, 00-0492 (La. 10/17/00), 774 So.2d 70. We find no abuse of discretion on the part of the trial court in awarding Mr. Yeager $19,000.00 in general damages. Accordingly, we affirm the judgment of the trial court.

## DECREE

Based on the foregoing review of the record, we affirm the decision of the trial

3

court.  All costs of this appeal are assessed to Allstate Insurance Company.

**AFFIRMED.**