NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-460

FELICIA DESSELLE

VERSUS

ALLSTATE INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 8-0604
HONORABLE JESSE PHILLIP TERRELL, JR., CITY COURT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED.

Eugene Paul Cicardo, Jr.
P. O. Box 1128
Alexandria, LA 71309
(318) 445-2097
Counsel for Plaintiff/Appellee:
Felicia Desselle

**Christopher Shannon Hardy**
**Penny & Hardy**
**P. O. Box 2187**
**Lafayette, LA 70502-2187**
**(337) 231-1955**
**Counsel for Defendant/Appellant:**
**Allstate Insurance Company**

**EZELL, JUDGE**.

Allstate Insurance Company (Allstate), appeals the decision of the trial court awarding Felicia Desselle $18,000.00 in general damages arising out of a rear-end collision involving Ms. Desselle and Allstate's insured, Sharon Schexnyder. For the following reasons, we hereby affirm the decision of the trial court.

On April 2, 2008, Ms. Desselle was driving north on Highway 71 in Rapides Parish when she was rear ended by Ms. Schexnyder. As a result of the accident, Ms. Desselle suffered cervical and thoracic back strains and was treated with medication and physical therapy for five weeks. Her total treatment time was roughly two months. Allstate stipulated to liability and insurance coverage at trial. The trial court awarded Ms. Desselle $5,650.50 in medical bills, $469.20 in lost wages, and $18,000.00 in general damages. From this decision, Allstate appeals.

Allstate asserts as its sole assignment of error that the trial court erred in awarding Ms. Desselle what it alleges is an abusively high award of $18,000.00 in general damages.

> General damages are speculative in nature and, thus, are incapable of being fixed with any mathematical certainty. *Wainwright v. Fontenot*, 00-492 (La.10/17/00), 774 So.2d 70. They include pain and suffering, physical impairment and disability, and loss of enjoyment of life. *Id*. As they are speculative, a trial court's award of such damages is reviewed in light of the standard set forth in *Youn v. Maritime Overseas Corp*., 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). First, we determine if the trial court's award for the particular injury and its effect under the particular circumstances on this plaintiff is a clear abuse of the trial court's "much discretion." *Id*. at 1260. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id*. at 1261.

*Bennet v. City of New Iberia*, 08-1369, pp. 7-8 (La.App. 3 Cir. 4/1/09), 7 So.3d 822, 827-28.

1

Allstate basically claims that Ms. Desselle aggravated an existing injury from a separate auto accident in 2006 and that $18,000.00 is abusively excessive for a short-term aggravation of a pre-existing condition. Ms. Desselle freely admitted in court that she was still experiencing pain as a result of her 2006 accident and that she did not blame the current accident for all of her pain. However, her uncontroverted testimony established that she began to suffer back pain that she did not experience from the 2006 accident and that the current collision caused her to suffer additional pain in her neck and shoulder. Ms. Desselle testified that she still had problems doing housework and even helping her children fix their hair due to the accident. Her medical records indicate that the same physician who treated her for the 2006 accident felt that the subsequent accident caused the cervical and thoracic strains suffered in 2008. These injuries required treatment for two months, including five weeks of physical therapy. While we find the award of $18,000.00 for general damage to be very high, it is not so excessive as to constitute an abuse of the great, even vast, discretion afforded to the trier of fact in the assessment of general damages. *See Yeager v. Allstate Ins. Co.*, 03-1609 (La.App. 3 Cir. 4/28/04), 872 So.2d 592.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Allstate Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal**.** Rule 2-16.3,