NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-626

BETHEL ROBERTS

VERSUS

AMERICAN CENTURY CASUALTY COMPANY, ET AL.

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-80266, DIVISION-B
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

Ronald E. Corkern, Jr.
Corkern & Crews
P. O. Box 1036
Natchitoches, LA 71458-1036
(318) 352-9809
Counsel for Defendant/Appellee:
State Farm Mutual Automobile Insurance Company

**Daniel G. Brenner**
**Bolen, Parker, Brenner, & Lee, Ltd.**
**P. O. Box  11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**Counsel for Defendants/Appellants:**
**American Century Casualty Company**
**Charles C. Allen**

**Billy Lynn West, Jr.**
**P. O. Box 1033**
**Natchitoches, LA 71458-1033**
**(318) 352-7300**
**Counsel for Plaintiff/Appellee:**
**Bethel Roberts**

**EZELL, JUDGE.**

American Century Casualty Company appeals a decision of the trial court awarding Bethel Roberts $11,000 in general damages and $1,595 in medical damages for injuries sustained in an accident with American's insured, Charles Allen. For the following reasons, we affirm the decision of the trial court.

On February 14, 2007, Ms. Roberts was approaching a red light in Natchitoches, Louisiana when she was rear-ended by Mr. Allen. As a result, Ms. Roberts suffered injuries to her back, neck, and shoulder. Mr. Allen and American stipulated as to his liability. A trial was held, and the trial court awarded Ms. Roberts $11,000 in general damages and $1,595 in medical damages. From that decision, American appeals.

American asserts two assignments of error on appeal: that the trial court erred in finding that Ms. Roberts required treatment for her injury until May 14, 2007; and that the trial court abused its discretion in awarding Ms. Roberts $11,000 in general damages for her injuries.

American first claims that the trial court erred in finding that it should pay for treatment for Ms. Roberts' injuries through May 14, 2007.

> The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart v. State, Department of Transportation and Development*, 617 So.2d 880, 882 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* at 882-883. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. *Id.* at 883. Further, where the findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of fact. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). Indeed, where the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous. *Id.* at 845.

1

*Adams v. Rhodia, Inc.*, 07-2110, pp.10-11 (La. 5/21/08), 983 So.2d 798, 806-07.

American claims that the record shows no complaints of pain by Ms. Roberts to her chiropractor on or after April 11, 2007, and that it should not, therefore, be responsible for $160 in visits to the chiropractor from that time until May 14, 2007. This representation of the record is, to be charitable, disingenuous. The record contains Ms. Roberts' chiropractor's notes, showing that she presented to him on April 18, 2007, with neck and mid-back spasms. On April 20, 2007, Ms. Roberts again complained of neck spasms on her left side, although her mid-thoracic pain was "a little better." The chiropractor testified that Ms. Roberts' treatment was extended longer than what may have been normal due to problems with muscle spasms. Furthermore, her chiropractor testified that he did not continue to treat her based on subjective complaints alone, but also on objective findings observed in the course of his exams. He testified that Ms. Roberts was not, in his opinion, a malingerer and that her complaints were consistent with the injuries he found her to have. Accordingly, the record shows a reasonable factual basis for the trial court to have found that Ms. Roberts' treatments were necessary until she was discharged by her chiropractor on May 14, 2007. The trial court's findings cannot, therefore, be erroneous, and American's assignment of error is without merit.

American next claims that the trial court abused its discretion in awarding Ms. Roberts $11,000 in general damages for her injuries from this accident. Again, we must disagree.

> General damages are speculative in nature and, thus, are incapable of being fixed with any mathematical certainty. *Wainwright v. Fontenot*, 00-492 (La.10/17/00), 774 So.2d 70. They include pain and suffering, physical impairment and disability, and loss of enjoyment of life. *Id.* As they are speculative, a trial court's award of such damages is reviewed in light of the standard set forth in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). First, we determine if the trial court's award

2

for the particular injury and its effect under the particular circumstances on this plaintiff is a clear abuse of the trial court's "much discretion." *Id*. at 1260. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id*. at 1261.

*Bennet v. City of New Iberia*, 08-1369, pp.7-8 (La.App. 3 Cir. 4/1/09), 7 So.3d 822, 827-28.

Because of the accident, Ms. Roberts sustained injuries to her back, neck, and shoulder. The injuries continued at least three months and required ten weeks of treatment. She testified that her prior job was not only affected by the injuries, but it also often exacerbated them. Ms. Roberts stated that her life was still being affected and interrupted by the injuries. She testified that, even though she was no longer actively seeking treatment for any symptoms, as recently as the time of trial she still suffered occasional pain and fatigue in her back because of the accident. She also testified that she could not sit or drive for more than an hour without aggravating her condition. Moreover, the trial court found her testimony to be "straight forward and believable." While we find that the award of $11,000 for general damages to be somewhat high, it is not so excessive as to constitute an abuse of the great, even vast, discretion afforded to the trier of fact in the assessment of general damages. *See Yeager v. Allstate Ins. Co.*, 03-1609 (La.App. 3 Cir. 4/28/04), 872 So.2d 592. There is no merit in this assignment of error.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against American Century Casualty Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Court of Appeal. Rule 2-16.3.