| THIBODEAUX, Judge.
In this suit to recover damages sustained in an automobile accident, the defendants, Christopher Fontenot and his insurer Farmers Insurance Exchange (Farmers), appeal the trial court’s general damage award of $15,000.00 in favor of the plaintiff, Hollie Lee. The defendants contend that the general damage award is excessive. We disagree and affirm.
I.

ISSUE

The sole issue in this case is whether the trial court abused its discretion in awarding Ms. Lee a general damage amount of $15,000.00 where she suffered soft tissue damages in the cervical area of her back, lumbar strain and temporomandibular joint disorder (TMJ) as a result of a vehicular collision with Mr. Fontenot.
II.

FACTS

On October 26, 2001 in Ville Platte, Louisiana, Ms. Lee was driving a 1999 Mitsubishi ECL sedan westbound on Highway 167 with her four-month-old son as a guest passenger. At the same time, Mr. Fonte-not was driving a 1998 Dodge Sedan. Mr. Fontenot turned his vehicle left in front of Ms. Lee’s vehicle causing the right side of Ms. Lee’s vehicle to hit the right side of Mr. Fontenot’s vehicle. Although the impact did not cause the air bag to release, it did cause Ms. Lee to hit her head on the car’s steering wheel. Ms. Lee’s son was also injured; however, the general damage amount awarded by the trial court for his injuries is not contested by the defendants.
| ¡After the accident, Ms. Lee and her son were taken by ambulance to the emergency room of the Ville Platte Medical Center. At the hospital, she was examined and had x-rays performed on her neck. Ms. Lee was also given medication and subsequently released from the hospital. She continued to experience pain in her neck and lower back as well as headaches and jaw pain. On October 29, 2001, Ms. Lee sought treatment from Dr. Charles Edward Fontenot, a general practitioner.
Dr. Fontenot found that Ms. Lee had muscle spasms in her neck and tenderness of her jaw. As a consequence of her jaw tenderness, Dr. Fontenot found that Ms. *457 Lee had pain with chewing and diagnosed her with TMJ. Ms. Lee’s mid-back examination revealed that she had tenderness of her muscles and inter-scapula region. She also had pain with forward flexion of the thoracic spine. With respect to Ms. Lee’s lumbar spine region, Dr. Fontenot found that she had tenderness and pain with motion. Dr. Fontenot concluded that Ms. Lee suffered from “muscle and soft tissue injuries involving the neck, acute cervical strain, muscle and ligamentous injuries of her lumbar spine, acute lumbar strain ... also acute mid-back strain and [TMJ] sprain.” Dr. Fontenot prescribed muscle relaxant medication, analgesics and liniment applications for her neck and back.
At her next examination by Dr. Fonte-not, Ms. Lee continued to complain of pain in her neck, back and jaw. He recommended that she start physical therapy. She was prescribed the same medications as prescribed during her first visit. At the beginning of her physical therapy, Dr. Jerry Chamberlain noted that Ms. Lee’s range of motion was only at forty percent. Ms. Lee treated with Dr. Fontenot for approximately five weeks. She attended eight sessions of physical therapy. Dr. Fontenot testified that he did not refer Ms. Lee to any type of TMJ treatment because over the several weeks that she treated with him, that problem seemed to get better.
| ¡¡During the time that Ms. Lee received treatment for her injuries in her accident, she continued to work thirty-two hours per week at Blake’s Pharmacy. However, Dr. Fontenot testified that although she was able to work, she did so in a lot of pain. Ms. Lee explained that as a single mother of two children, she could not afford to take any time off from work. Dr. Fonte-not released Ms. Lee from treatment on December 7, 2001. She testified that even after the release, she still experienced back pain and headaches. At the trial of this matter on May 21, 2002, she still had backaches and had to have backrubs and use heating pads to alleviate the pain.
After finding that Mr. Fontenot was one-hundred percent at fault in causing the accident, which the parties do not contest in the present appeal, the trial court found that Ms. Lee sustained “a whip lash injury as well as a back injury, injury to the temporomandibular joint as well as ... bruises and no lacerations.” The court awarded Ms. Lee $2,282.79 for medical expenses. With respect to general damages, the trial court initially found that Ms. Lee was entitled to $10,000.00 for her pain and suffering. Next the trial court stated: “The [e]ourt reconsiders the $10,000.00 and awards $15,000.00. I tend to think very conservatively sometimes but I’m gonna award $15,000.00 for the damages for pain and suffering.” It is from this ruling that Mr. Fontenot and Farmers appeal asserting that the trial court abused its discretion in awarding an excessive amount for Ms. Lee’s pain and suffering.
III.

LAW AND DISCUSSION

Mr. Fontenot and Farmers contend that general damages in the amount of $15,000.00 awarded to Ms. Lee for essentially what amounts to soft-tissue injury, is excessive and that the failure to award a lower amount was an abuse of the trial court’s discretion.
RThe standard for an appellate court’s review of damages was well established in Reck v. Stevens, 373 So.2d 498 (La.1979) and was confirmed in Youn v. Maritime Overseas, Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Suffice it to say, we will not disturb a trial court’s award of damages unless we find that the award constitutes an abuse of the trial court’s discretion. After carefully reviewing the record, we find that the trial *458 court did not abuse its great discretion in awarding Ms. Lee $15,000.00 for her pain and suffering.
Defendants make much of the fact that Ms. Lee was treated by Dr. Fontenot for her injuries subsequent to the accident for only five weeks. They also make much of the fact that she continued to work her thirty-two-hour-per-week job. As noted above, Dr. Fontenot explained that Ms. Lee worked in pain. Also, Ms. Lee explained that as a single mother, she had to work to support two minor children, one still an infant. Further, at the time of trial, almost seven months after the accident, Ms. Lee was still experiencing pain and basically taking care of her pain without medical intervention by use of back rubs and the application of heating pads. The trial court judge was in the best position to judge Ms. Lee’s credibility, demeanor and mannerisms while in court and while testifying. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Canter v. Koehring, 288 So.2d 716 (La.1973). Apparently, the trial court found that despite the fact that Ms. Lee suffered soft-tissue type injuries and had a relatively short medical treatment period, she was continuing to suffer from pain as a result of the accident.
J¿V.

CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellants, Christopher Fontenot and Farmers Insurance Exchange.
AFFIRMED.
WOODARD, J., dissents.