I,BROWN, C.J.
This case arises out of a two car accident that occurred in Shreveport, Louisiana, on April 28, 1999. One vehicle was being driven by plaintiff, Charles Blue, the other by defendant, Donnie Baines. The Baines vehicle was a rental car. Blue and his passengers, Cory Brown and Bryce Thompson, filed this action in city court against Baines and his insurer, State Farm Mutual Automobile Insurance Company, seeking personal injury damages. Finding Baines solely at fault, the trial court awarded Blue general damages in the amount of $5,775 and special damages in the amount of $1,770. Thompson was awarded general damages of $5,775 and special damages of $1,330. Cory Brown was a “no show” and was dismissed from the suit prior to trial. Defendants have appealed. We reverse in part and affirm in part.

Discussion

Fault

Allocation of fault is a factual finding which an appellate court does not disturb unless, upon articulated analysis, that finding is demonstrated to be clearly wrong. The reviewing court must assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the record as a whole. Slagel v. Roberson, 37,791 (La.App.2d Cir.11/18/03), 858 So.2d 1288; Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.08/19/98), 716 So.2d 511.
The accident occurred in the southbound lanes of North Market Street just past the point where Martin Luther King Drive intersects with North Market. North Market Street is a divided, four-lane highway. The ^testimony in this case involves conflicting versions of which vehicle crossed over into the other lane.
*248 Charles Blue testified that the accident occurred after he had pulled out of the Brookshires’ parking lot onto North Market Street. As Blue turned left onto North Market in the inside lane, he was behind Baines, who was in the outside lane. Blue claims that Baines moved over into Blue’s lane, and the cars collided.
Blue testified that following the collision, both vehicles pulled over and Baines jumped out of his car with a 24 oz. beer can in his hand. After tossing the beer can, Baines ran to the Fina Station. Baines was in the gas station for 20-30 minutes; that’s where he was when the police officers arrived at the scene. Because Baines and his car smelled of alcohol, the police arrested him for D.W.I. There is no evidence in the record, however, that Baines was charged with or convicted of D.W.I.
On the other side, Donnie Baines testified that the accident occurred after he made a right turn at the light at the intersection of Martin Luther King Drive and North Market Street. As he was driving in the outside southbound lane on North Market, he was hit by the Blue vehicle. Baines explained the odor of alcohol by stating that a passenger had spilled beer on the floorboard of his car. After stating several times that he had not been drinking the night of the accident, he then testified that his blood alcohol content was “one point something.” When this discrepancy was pointed out to him, Baines again denied alcohol consumption, stating simply that he |3can’t explain the breathalyzer results, he just knows he had not been drinking.
Based upon the obvious contradictions in Baines’ testimony, the trial court chose to credit the testimony of Blue as to how the accident occurred. In light of the above conflicting testimony, we cannot say that the trial court committed manifest error in doing so.

Applicability of No Pay/No Play Provision

La. R.S. 32:866(A)(1) limits the recovery of the owner or operator of a motor vehicle involved in an accident as follows:
There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
La. R.S. 32:1(44) defines an “operator” as “every person other than a chauffeur, who drives or is in actual physical control of a motor vehicle upon a highway or who is exercising control over or steering a vehicle being towed by a motor vehicle.”
The following facts are uncontra-dicted. Charles Blue did not have a valid driver’s license at the time of the accident. In fact, the record shows that Blue has never had a driver’s license, but has been issued numerous traffic citations. The registered owner of the vehicle he was driving was his grandmother, who had liability coverage on her automobile; however, Blue was specifically excluded from coverage. Blue has no vehicle of his own and no insurance coverage. Applying these facts to the above statute, we find that at the time of the accident, Blue was an operator of a motor vehicle | involved in an accident who failed to own or maintain compulsory motor vehicle liability security. He also knew that he was excluded from coverage purchased by his grandmother.
Under the clear terms of La. R.S. 32:866, Blue is precluded from recovery of personal injury damages in this case. For *249 this court to conclude otherwise would allow someone like Blue to put ownership in another person’s name and obtain less expensive insurance. This would run counter to the legislative purpose embodied in the no pay/no play provision, which is to discourage the operation of uninsured vehicles. As noted by the court in Progressive Security Insurance Co. v. Foster, 97-2985 (La.04/23/98), 711 So.2d 675, 679, “if a motorist fails to pay for liability coverage to protect others, he cannot ‘pla/ in the legal system, at least to the collection of his first $10,000 [in] damages.” For this reason, Blue’s damage award will be reversed and set aside.
Damages — Bryce Thompson
Finally, defendants urge that the trial court’s award of general damages of $5,575 and medical expenses of $1,330 to Bryce Thompson, a passenger in Blue’s vehicle, is excessive.
General damages cannot be fixed with pecuniary exactitude. Severity and duration of the injury are factors to be considered in assessing quantum for pain and suffering. Stegall v. State Farm Mutual Automobile Insurance Co., 29,986 (La.App.2d Cir.10/29/97), 702 So.2d 66. There is no mechanical rule for determining general damages; the facts and circumstances of each case control. Simmons v. King, 36,537 (La.App.2d Cir.12/11/02), 833 So.2d 1148.
A plaintiff may recover past medical expenses that he incurs as a result of an injury due to the fault of another. To recover medical expenses, the plaintiff must prove that, more probably than not, the medical treatment was necessitated by the accident. Bruce v. State Farm Insurance Co., 37,704 (La.App.2d Cir.10/29/03), 859 So.2d 296; Brandao v. Wal-Mart Stores, Inc., 35,368 (La.App.2d Cir.12/19/01), 803 So.2d 1039, writ denied, 02-0493 (La.04/26/02), 814 So.2d 558.
Bryce Thompson testified that before the accident, he had no medical conditions or problems. After the accident, he had pain in his neck and lower back. He sought treatment from a chiropractor, Dr. John Thompson. Dr. Thompson testified that Bryce came to his office on April 30, 1999, two days post-accident. His complaints were neck pain and stiffness, mid and low back pain and muscle spasms. Bryce also noted right shoulder, upper arm and elbow pain, as well as headaches, blurred vision, ringing in his ears and lightheadedness.
Based upon Bryce’s subjective complaints and Dr. Thompson’s objective findings, the diagnosis was cervical strain/ sprain, thoracic strain/sprain, lumbar strain/sprain, migraine headaches, shoulder arthraligia, and malaise/fatigue related to the accident. Bryce was treated by Dr. Thompson for approximately two and a half months, from April 30 to July 21, 1999.
| fiUnder the facts and circumstances of this case, we cannot say that the trial court’s general damage award in the amount of $5,575 is excessive. We likewise find that Bryce Thompson demonstrated, through the testimony of Dr. John Thompson, that more probably than not, the medical treatment was necessitated by the accident.

Conclusion

For the reasons set forth above, the trial court’s award of general and special damages to plaintiff, Charles Blue, is reversed and set aside. In all other respects, the judgment of the trial court is affirmed.
REVERSED IN PART and AFFIRMED IN PART.