STEWART, J.
| Jfhe plaintiff, Gerald D. Moody, appeals a judgment dismissing his claim against the defendant, Werner Enterprises, Inc. He also contends that the trial court’s award of damages was inadequate. Finding no error, we affirm.
FACTS
On June 30, 2004, Mr. Moody was forced from the left eastbound lane of Interstate 20 when a truck moved into his lane, hitting the right side of his vehicle and knocking him onto the median. He regained control of his vehicle and drove to a stop on the shoulder. The offending vehicle was a Werner Enterprises truck driven by Amir Hasan. According to Hasan, he and another driver, Jonathan Miller, had been passing each other and trading insults until Miller cut in front of Hasan, *1209 slammed his brakes, and forced Hasan into Moody’s lane.
Alleging the fault of Hasan and Miller in causing the collision, Mr. Moody filed suit against Hasan, Werner Enterprises and its insurer, and Miller. Werner Enterprises denied the allegations of the petition and denied that anyone for whom it could be held responsible was guilty of actionable fault. Miller denied involvement in the accident, claiming that Hasan had run him off the road and that he was on the phone with the state police when the accident at issue occurred.
On July 31, 2007, Mr. Moody obtained a default judgment against Hasan, who was determined to be 100% at fault in causing the accident. After reviewing Mr. Moody’s medical records to determine the nature and [2extent of the injuries caused by the accident, the trial court awarded damages totaling $43,491.33.
Upon amending discovery responses to admit that Hasan was its employee and was acting in the course and scope of his employment at the time of the accident, Werner Enterprises paid the judgment in full, including costs and interests, for a total of $52,603.67. Mr. Moody signed a “Satisfaction of Judgment” acknowledging receipt of the payment and granting “full satisfaction, release, and discharge of the judgment.” However, he added a handwritten notation stating “without prejudice to claim against Werner Enterprises.” He then proceeded to continue litigation against Werner Enterprises.
Werner Enterprises responded by filing an exception of res judicata. It alleged that the default judgment determining Ha-san’s fault and awarding damages had become final on October 25, 2007, and that Mr. Moody was barred from proceeding against Werner Enterprises. The trial court agreed, granted the exception, and rendered a judgment dismissing Mr. Moody’s claims against Werner Enterprises. Mr. Moody’s appeal followed.
DISCUSSION

Dismissal of Claim Against Werner Enterprises

Mr. Moody contends that the default judgment did not bar his claim against Werner Enterprises and that the exception of res judicata was wrongly granted. He analogizes the facts of this matter to a plaintiffs settlement of a case with a tortfeasor with a reservation of his right to | .¡proceed against the tortfeasor’s employer as in Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981).
In Sampay, the supreme court reversed a summary judgment dismissing the plaintiffs claim against Morton Salt on the theory that release of its employee discharges the employer from further liability. The court explained that, from the victim’s viewpoint, the employer and employee are solidary obligors and that the vicarious liability of the employer for its employee’s acts is “important only in relation to the ultimate allocation of the obligation between the employer and employee.” Sampay, 395 So.2d at 329. The court determined that the plaintiff could proceed to trial against Morton even though he had settled his claim with Morton’s employee. By reserving his right to proceed against Morton, the plaintiff made clear that he was not fully compensated in the settlement.
Sampay would be persuasive if this matter involved a settlement and.release between Mr. Moody and Hasan. However, this matter involves a default judgment easting Hasan with 100% of the fault in causing the accident, a determination of damages by the trial court, and payment in full by Werner Enterprises of the damages *1210 awarded. The facts distinguish this matter from Sampay, supra.
We need not determine the propriety of dismissal pursuant to the exception of res judicata, because the record shows that Mr. Moody no longer has a cause of action against Werner Enterprises. The failure to disclose a cause of action may be noticed by the appellate court of its own motion. La. C.C.P. art. 927(B); Sullivan v. Sullivan, 42,923 (La.App.2d Cir.2/13/08), 976 So.2d 329, writ denied, 2008-0816 (La.6/6/08), 983 So.2d 921. An exception of no cause of action is used to assess whether the law extends a remedy against the defendant under the factual allegations of the petition. Sullivan, supra.
With regard to Werner Enterprises, the petition alleges that Hasan was driving a Werner Enterprises truck at the time of accident and that the accident was caused by the fault of Hasan and Miller. There is no specific allegation of fault on the part of Werner Enterprises, whose liability arises under the doctrine of respondeat superior. Employers are answerable for the damages occasioned by their employees in the exercise of the functions in which they are employed. La. C.C. art. 2320; Dismuke v. Quaynor, 25,482 (La.App.2d Cir.4/5/94), 637 So.2d 555, writ denied, 94-1183 (La.7/1/94), 639 So.2d 1164. The employer’s liability is derivative and secondary to that of its employee, the actual tortfeasor. Sampay, supra. Although the employer is not a joint tortfeasor with its employee, they are still bound for the same thing-total reparation of the victim’s damages. Id.
Once the trial court found Hasan to be 100% at fault in causing the accident and determined damages, Werner Enterprises, as Hasan’s employer, became liable or obligated for those damages to the same extent as Hasan. The record shows that Werner Enterprises satisfied the judgment in full. Our law recognizes that performance by the obligor extinguishes the obligation. La. C.C. art. 1854. Having satisfied the judgment, Werner Enterprises fulfilled its obligation as Hasan’s employer to answer for the damages caused by him. Therefore, based on the petition and the record, Mr. Moody no longer has a cause of action against Werner Enterprises. He had no rights to reserve upon payment of the judgment. Once Werner Enterprises paid the damages awarded by the trial court, |fiMr. Moody no longer had a remedy against Werner Enterprises under the facts alleged in the petition. For these reasons, we find that the trial court did not err in dismissing Mr. Moody’s claim against Werner Enterprises.

Damages

Mr. Moody also appeals the trial court’s award of damages, which he contends is too low. The trial court awarded Mr. Moody $25,000 for pain and suffering, $5,000 for loss of enjoyment of life, and $13,491.33 for medical expenses. The total award was $43,491.33. Mr. Moody contends that the trial court confused his vig- or with lack of injury and asserts that the award of general damages should be raised to the lowest reasonable level that could have been awarded, $75,000.
Werner Enterprises maintains that the trial court’s award of damages more than adequately compensates Mr. Moody for his injuries and was not an abuse of discretion.
The trial court has vast discretion in awarding general damages, and its determination should rarely be disturbed. La. C.C. art. 2324.1; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). On appellate review of an award of damages, the initial inquiry is whether the trier of fact abused its vast discretion in assessing damages. Kaiser v. Hardin, 2006-2092 (La.4/11/07), *1211 953 So.2d 802. If it is determined that the trial court abused its | (-.discretion, then the appellate court may examine prior awards for the purpose of determining the highest or lowest point which is reasonably within the trial court’s discretion. Id. The appellate court should reduce or increase an award only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the particular injury to the particular plaintiff under the particular circumstances of the case. Youn, supra.
Having reviewed Mr. Moody’s medical records and the trial court’s well-reasoned explanation of its assessment of damages, we find no abuse of discretion in the trial court’s award. The record shows that Mr. Moody was an active 78-year old man when the accident occurred, but that he had pre-existing complaints of knee pain, which made him a potential candidate for knee replacement surgery. After the accident, he sought treatment complaining of pain to his left arm, hip, leg and knee. X-rays and an MRI showed degenerative changes in the lumbar spine and some mild bulging. He was treated over several months with injections for back pain.
In August 2004, Mr. Moody sought treatment at the Orthopaedic Clinic of North Louisiana for complaints of right knee and lower back pain. According to the medical records, Mr. Moody had degenerative arthritic changes in both his knee and lower back, with some disc herniation. The physician believed that the majority of the findings pre-existed the accident and that Mr. Moody’s clinical symptoms did not accurately correlate with the disc herniation. He believed that Mr. Moody had sustained a contusion to the knee and a lumbar sprain or strain in the accident, both of which |7would resolve allowing him to return to his pre-accident state. The records of an examination on September 28, 2004, relate Mr. Moody’s interest in knee replacement surgery but not until after hunting season.
In August 2005, Mr. Moody fell, injuring his right side. Nothing in the record directly relates his complaints of pain after this point to the effects of the motor vehicle accident as opposed to the effects of degenerative changes and the fall. Though Mr. Moody experienced some limits on hig activities due to pain, he was still able to fish, hunt, and do some walking. He was also able to lift up to 25 pounds of corn at a time.
Based on this record, we cannot say that the trial court abused its discretion. The trial court considered Mr. Moody’s medical history, injuries, and arthritic changes due to his age in assessing damages. It is reasonable to conclude that most of Mr. Moody’s injuries from the accident resolved within months of the accident and that most of his ongoing complaints were due to pre-existing degenerative changes and his fall in August 2005. We do not find the award to be beyond, in either direction, what a reasonable trier of fact could assess for the particular injuries to this particular plaintiff under the particular circumstances of this case.
CONCLUSION
For the reasons explained, we affirm the trial court’s judgment. Costs are assessed to the appellant, Gerald D. Moody.
AFFIRMED.