BROWN, Chief Judge.
| plaintiffs, Robert Louis Pittard and Adelise G. Pittard, filed a tort suit against defendants, Jonathan Lewis and State Farm Mutual Automobile Insurance Company, alleging personal injuries sustained in an automobile accident.[1] Liability was not disputed by defendants. The sole issue before the trial court was the quantum value of plaintiffs’ claim. The trial court awarded special damages of $7,818.75 and general damages of $18,000. Defendants have appealed only the trial court’s award of $18,000 in general damages. Finding no manifest error, we affirm.

Facts and Procedural History

On March 15, 2007, plaintiff, Robert Louis Pittard, was driving a vehicle owned by his mother, Adelaise Pittard. As he was exiting the Interstate 220 off ramp onto Highway 80 in Bossier City, Louisiana, an automobile operated by defendant, Jonathan Lewis, rear-ended his vehicle. Pittard suffered a facial laceration and was transported to the emergency room at Willis-Knighton Bossier Health Center. He was treated for a closed head injury and a facial contusion and was released the same day.
Following the accident, Pittard began experiencing back and neck pain. On March 22, 2007, Pittard reported to Dr. Pierce Nunley at the Spine Institute of Louisiana. Dr. Nunley took x-rays and an MRI. He diagnosed Pittard with a lumbar and cervical strain. It was recommended that Pittard undergo physical therapy, which he attended on eight occasions between March 30, 2007 and April 24, 2007. The physical therapist discharged Pittard on April 24, noting that all goals had been met.
|2The next day, April 25, 2007, Pittard met with Dr. Nunley to review the MRI films which had been taken on the March 22, 2007. The lumbar MRI revealed mild' degenerative changes at the L4-5 level, mild subfacet stenosis bilaterally and an L5-S1 broad based disk bulge with moderate degenerative changes. Pittard was released by Dr. Nunley and instructed to return if he had any continued problems.
In May 2007, Pittard graduated from high school and in the fall of that year began attending the University of Mississippi. He testified that he continued having problems with his middle and lower back during the summer and throughout the school year. Pittard reported experiencing discomfort after long drives and while playing tennis or engaging in other sporting activities. The present suit was filed on January 15, 2008.
*204 After completing summer courses, Pit-tard returned to Dr. Nunley for medical treatment on August 6, 2008. Dr. Nunley diagnosed Pittard with mid back pain, thoracic facet dysfunction, upper lumbar pain, and mild L5-S1 spondylosis. Dr. Nunley recommended intensive physical therapy while Pittard was home.
As noted above, liability for the accident was not disputed by defendants. The sole issue before the trial court was the quantum value of Pittard’s claim.[2] The trial court issued a written ruling awarding $7,818.75 in special damages and $18,000 in general damages. The trial court explained that it was “convinced that the back problems presently experienced by Pittard were directly caused by the automobile accident.” | ^Defendants filed a timely appeal asserting that the general damage award was excessive.

Discussion

General damages involve mental or physical pain and suffering, inconvenience, loss of intellectual or physical enjoyment, or other losses of lifestyle which cannot be measured exactly in monetary terms. Robbins v. State ex rel. Dept. of Labor, 31,590 (La.App.2d Cir.02/24/99), 728 So.2d 991; Sallis v. City of Bossier City, 28,483 (La.App. 2d Cir.09/25/96), 680 So.2d 1333, writs denied, 96-2599 (La. 12/13/96), 692 So.2d 1063; 96-2592 (La.12/13/96) 692 So.2d 376. In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. La. C.C. Art. 2324.1. Before an appellate court may disturb such an award, the record must clearly reveal that the trial court abused its broad discretion in making the award, based on the facts and individual circumstances peculiar to the case under consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Robbins, supra.
The finding of an abuse of discretion must be based on the particular injuries sustained and their effect on the particular injured person. If a reviewing court finds that an award constitutes an abuse of discretion, it may then reduce an excessive award to the highest amount or increase an inadequate award to the lowest amount reasonably within the fact finder’s discretion. Montgomery v. Kedgy, 44,601 (La.App.2d Cir.8/26/09), 21 So.3d 980, writ denied, 09-2110 (La.11/25/09), 22 So.3d 167.
| defendants do not question the special damages award of $7,818 but claim that the evidence does not support an award of $18,000 in general damages. Specifically, they argue that plaintiffs failed to establish a connection between the March 15, 2007, accident and Pittard’s degenerative disc condition or any condition following his April 25, 2007, release from Dr. Nunley’s care. Plaintiffs argue that the award does not constitute an abuse of discretion by the trial court, and they challenge defendants’ characterization of the award as being solely for a short term soft tissue injury.
Pittard was released by Dr. Nunley on April 25, 2007. He next saw Dr. Nunley more than a year later on August 6, 2008. Defendants argue that there is no medical testimony to establish a causal connection between the accident and the injuries of which Pittard complained at the August 6, 2008, visit to Dr. Nunley. Defendants emphasize the patient history taken at that August visit that Pittard began experienc *205 ing back when he took up tennis over the summer of 2008.
Pittard, however, testified that he had been actively playing tennis and soccer since high school and that he had not experienced any of his current symptoms prior to the March 15, 2007, accident. Also, he testified that these symptoms had continuously manifested themselves after his initial release from Dr. Nunley’s care.
Dr. Nunley stated in his deposition:
So, are you doing a hypothet, or are you-because, I mean, maybe we got the history wrong. The history as we took it was that it was the Summer of '08 that he started tennis. So, if that’s not accurate, Uncertainly, you know, want to make sure I’m making opinions on accurate — on what’s the facts.
Following this remark, Dr. Nunley stated that the facts testified to by Pittard would support an opinion that the accident was a contributing factor to Pittard’s continuing pain.
Pittard’s testimony and medical records, along with Dr. Nunley’s deposition testimony, provide a reasonable basis of causation between the injuries and the accident.
Defendants allege that Pittard had another “source of injury.” Pittard was involved in a minor automobile accident in May of 2007. Pittard testified that the second wreck was “more of a swipe” than a full rear-end collision. Pittard did not seek any medical treatment related to the later accident, testifying that he was not injured.
Defendants also argue that the award of general damages represents an abuse of discretion because Pittard’s injuries were minor. Pittard, a college age student, cannot engage in sporting activities or take a long drive without needing to take aspirin and lie down for a couple of hours. He did not experience these problems prior to the March 15, 2007, accident. Pittard also had soft tissue injuries, a closed head injury and a facial contusion suffered as a result of the accident.
Based upon the testimony and medical evidence contained in the record and considering the particular injures sustained by Pittard and their effect on his physical condition and lifestyle, we cannot say the trial court’s award of $18,000 in general damages is beyond the amount reasonably within the fact-finder’s vast discretion.
| ^Conclusion
For the reasons set forth above, trial court’s award of general damages in the amount of $18,000 is affirmed. Costs of appeal are assessed to appellants, Jonathan Lewis and State Farm Mutual Automobile Insurance Company.
AFFIRMED.

. The claim of Adelise G. Pittard was for property damages and was settled before trial.

. Plaintiffs stipulated that they would not accept a judgment in excess of the $50,000 limit on Lewis's policy or a personal judgment against Lewis.