WILLIAMS, J.
_[xjhe plaintiffs, Milton Lee and Mary Lee, on behalf of Sheila Lee, appeal the trial court’s award of damages. The trial court granted the plaintiffs’ motion for judgment notwithstanding the verdict (“JNOV”) and awarded plaintiffs the amount of $17,000 in general damages. For the following reasons, we affirm.
FACTS
On July 27, 2009, Carolyn Martin was involved in a traffic accident when her automobile was struck by a vehicle driven by Bruce Walker in Monroe, Louisiana. Sheila Lee was a passenger in the Martin vehicle. Sheila is an adult in her 50s who is not mentally capable of earing for herself and Martin was one of her caretakers. Sheila was transported by ambulance to St. Francis North Hospital. After an examination, she was diagnosed with a contusion of her right knee and discharged. Three days later, Sheila presented to the office of Dr. Dan Holt, who diagnosed her with post-accident cervical headaches. Dr. Holt treated Sheila from July 30, 2009 through December 3, 2009. She was also seen by a nurse practitioner, Tammy Dixon, on two occasions at Sole Care, a private healthcare facility.
In November 2009, a cervical MRI was ordered because Sheila continued to have pain. The MRI showed minimal disc bulging at the C5-6 and C6-7 levels. Dr. Holt referred Sheila to Louisiana Pain Care, where she was treated by Dr. John Led-better. On December 7, 2009, Dr. Ledbet-ter performed right-sided medial branch injections of her cervical spine. Upon re *104 leasing Sheila from his care, Dr. Holt completed a form stating that she had returned to her pre-accident status and had reached maximum medical ^benefit from her treatment.
Subsequently, the plaintiffs, Carolyn Martin and Milton and Mary Lee, on behalf of their daughter, Sheila, filed a petition for damages against the defendants, Bruce Walker and his insurer, ANPAC Louisiana Insurance Company. Before trial, the parties stipulated that Walker was at fault in causing the accident and Martin’s claims were dismissed pursuant to a settlement. Thus, quantum was the sole remaining issue. After a trial, the jury awarded the plaintiffs damages of $25,496.58 for medical expenses, $6,500 for past physical pain and $500 for past mental anguish. The jury did not award any damages for future physical pain, future mental anguish or loss of enjoyment of life. Plaintiffs filed a motion for JNOV and alternatively, for additur or new trial, on the grounds that the jury’s damage award was inadequate.
After a hearing; the trial court granted the motion for JNOV and issued written reasons, finding that the jury award was inadequate for Sheila’s soft tissue injury based on the evidence. The court rendered judgment awarding the plaintiffs total damages of $42,496.58, including general damages of $14,000 for past physical pain, $2,000 for past mental anguish and $1,000 for loss of enjoyment of life. The plaintiffs appeal the award of general damages.
DISCUSSION
The plaintiffs contend the trial court erred in finding that Sheila suffered only soft tissue injuries. The plaintiffs argue that the trial court’s finding regarding the severity of Sheila’s injury is incorrect because the I «record indicates that Sheila suffered a bulging disc in her neck as a result of the July 2009 accident.
An appellate court may not reverse a trial court’s factual finding in the absence of manifest error. Miller v. Clout, 03-0091 (La.10/21/03), 857 So.2d 458. The issue to be resolved is whether the factfin-der’s conclusion was reasonable in light of the record as a whole. Miller, supra.
In the present case, Dr. Ledbetter testified that he was a specialist in pain management and that he first saw Sheila in November 2009. Dr. Ledbetter stated that the MRI results showed minimal disc bulging in Sheila’s cervical spine that was not touching her spinal cord. Dr. Ledbet-ter testified that on December 7, 2009, he performed medial branch injections to Sheila’s neck that were meant to relieve pain and determine whether the joint spaces between her cervical discs were causing her neck pain. He stated that after the procedure a rehabilitation nurse assessed Sheila with 25% improvement of her symptoms and that he would have expected greater improvement if the pain was caused by her joints. Dr. Ledbetter testified that Sheila attended physical therapy, which seemed to improve her condition. Because Sheila seemed to get more benefit from the chiropractic care and physical therapy than from the medial branch injections, Dr. Ledbetter opined that her pain was primarily muscular in nature. Based upon this record, we cannot say the trial court was clearly wrong in finding that Sheila primarily suffered from soft tissue injuries. Thus, the assignment of error lacks merit.
| vJNOV Awarding Damages
Although plaintiffs agree with the granting of JNOV, they contend the trial court erred in finding that Sheila was given medical treatment to increase her damages claim. They argue that the court *105 improperly weighed evidence and evaluated the credibility of witnesses in assessing damages.
A party may move for a JNOV on the issue of damages. LSA-C.C.P. art. 1811. A JNOV is warranted when the facts and inferences point so strongly in favor of one party that the court believes reasonable persons could not arrive at a contrary verdict, not merely when there is a preponderance of evidence for the mover. Davis v. Wal-Mart Stores, Inc., 00-0445 (La.11/28/00), 774 So.2d 84; Hogue v. Sussmane-Stubbs, 34,340 (La.App.2d Cir.2/28/01), 780 So.2d 1203. In making this determination, the trial court does not have the discretion to evaluate the credibility of the witnesses. The court should consider the evidence in the light most favorable to the non-moving party. Davis, supra; Hogue, supra.
After reviewing the record, we find that the trial court’s reference to the testimony of Sheila’s parents was made in the context of the court’s consideration of evidence in a light most favorable to the non-moving party. The district court’s written ruling demonstrates that in making the damage award, the court considered the evidence regarding the seriousness and duration of Sheila’s injury and her level of pain. Consequently, we cannot say the trial court erred in its evaluation of the evidence in granting the JNOV on the issue of damages.
Plaintiffs also contend the trial court erred in awarding inadequate ^damages for past physical pain, past mental anguish and loss of enjoyment of life. Plaintiffs argue that the trial court abused its discretion in awarding general damages, based on prior awards in cases involving similar injuries.
The trial court has vast discretion in awarding general damages and its determination should rarely be disturbed. LSA-C.C. art. 2324.1; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). On appellate review, the initial inquiry is whether the trier of fact abused its vast discretion in assessing damages. If it is determined that the trial court abused its discretion, then the appellate court may review prior awards to determine the highest or lowest point which is reasonably within the trial court’s discretion. Moody v. AIG Ins. Companies, 43,946 (La.App.2d Cir.1/14/09), 999 So.2d 1207. The appellate court should increase or reduce an award only when the award is beyond that which a reasonable trier of fact could assess for the particular injury to the particular plaintiff under the particular circumstances of the case. Miller, supra; Youn, supra; Moody, supra.
In this case, Dr. Holt provided chiropractic treatment for Sheila during a period of approximately four months, including 34 total visits. Dr. Holt stated that in his initial examinations he noted that Sheila had muscle spasms in her neck and lower back, but that her condition improved over time. Dr. Holt testified that Sheila’s last visit was on December 3, 2009, when he completed a release form stating that her pain was “gone,” that her condition was “resolved,” that she had finished her treatment plan, that she had returned to her pre-accident status and had reached maximum medical | (¡benefit from her treatment.
Sheila’s parents, Milton and Mary Lee, testified that for a period of time after the accident, Sheila was hesitant to ride in their vehicle and pointed to her neck to indicate that she felt pain. However, their testimony showed that Sheila’s condition improved over time, that she did not seek medical treatment related to the car accident after March 2010, and that she was *106 able to visit them every other weekend as before the accident.
Based upon the evidence presented, we cannot say the trial court abused its discretion in the assessment of damages. The court reasonably determined that Sheila’s injury had resolved within eight months of the accident after considering the medical records and witness testimony. Consequently, we conclude that the award of $17,000 in general damages is reasonable for the particular injuries to this particular plaintiff under the circumstances of this case. Thus, the assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment awarding the plaintiffs the amount of $42,496.58 in total damages is affirmed. Costs of this appeal are assessed onerhalf to the appellants, Milton Lee and Mary Lee, on behalf of Sheila Lee, and one-half to the appellees, Bruce Walker and ANPAC Louisiana Insurance Company.
AFFIRMED.