BROWN, Chief Judge.
| plaintiff, Rodney Caldwell, sued defendants, ANPAC, Insurance Company and Michael Jones, to recover property and personal damages he sustained on March 13, 2011, when a rotten tree in Jones’s front yard fell and struck Caldwell’s truck as he, was driving down the street. Caldwell’s vehicle was totaled and he sustained neck and back injuries., -
After a bench trial, the court rendered judgment in favor of plaintiff and against defendants, finding that .they were liable to Galdwell for his injuries and property damage, and awarding him special damages in the amount , of $8,186 and general damages in the amount of $4,000. Plaintiff has appealed, urging that the trial court’s general damage award is inadequate to compensate him for his injuries. For the reasons set forth below, we -amend the judgment to increase the general damage award to $15,000, and as amended, affirm ■the judgment of the trial court.

Discussion

In the assessment of damages, much discretion is vested in’ tlie trier of fact. La. C.C. art. 2324.1. General'damages include pain and suffering/ inconvenience, the loss of physical enjoyment, and other losses of life oh lifestyle that cannot be definitively measured in monetary terms. McGee v. A C and S, Inc., 05-1036 (La.07/10/06), 933 So.2d 770; Young v. Marsh, 49,496 (La.App.2d Cir.11/19/14), 153 So.3d 1245.
There is no mechanical rule for determining general, damages. The facts and circumstances of each case control. Guerrero v. Brookshire Grocery Co., 49,-707 (La.App.2d Cir.04/29/15), 165 So.3d 1092; Blue v. Donnie Baines Cartemps USA, 28,279 (La.App.2d Cir.03/03/04), 868 So.2d 246; Simmons v. King, 36,537 (La.App.2d Cir.12/11/02), 833 So.2d 1148. The nature, relative severity and bodily extent of injuries are qualitative factors that must first be considered by the trier of fact in awarding general damages. Young, supra. The duration of a plaintiffs injury symptoms and the duration of treatment are relevant quantitative factors that must also be taken into account. Id.
The role of an appellate court in reviewing a general damage award is not to decide what it considers án appropriate award, but to review the exercise of discretion by the trier of fact. Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court.should increase or reduce the award. Youn, 623 So.2d at 1261. Only after it is determined that there has been an abuse of discretion is a resort to prior awards appropriate, and then only to determine the highest or lowest point of an award within that discretion. Id.; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Rodney Caldwell testified that he was 52 years old when the accident occurred on March 13, 2011. For the past 20 or 30 years, he had been self-employed as a contractor doing flooring and remodeling. Caldwéll testified that he worked alone, doing residential work such as carpentry, installing tile, carpet, ceramic and laminate flooring, and installing cabinets and ^counters, as well as hanging sheet-rock. Caldwell didn’t hire a helper because he could handle most of the work without assistance. He had no prior medical problems; according to plaintiff, he had *849 been to a doctor maybe three times in the past 20 years.
On that Sunday, Caldwell was' driving to the neighborhood convenience store, the East Side Mini Mart, to get a cup of coffee. As he drove down East California Street, he heard a “crack and pop” and looked up to see the tree falling. The tree fell onto the top of Caldwell’s pickup truck, shattering his windshield and crushing the top of the truck. Caldwell testified that he was wearing his seatbelt at the time, but in an effort to avoid the tree, he twisted down and sideways and braced himself in case the tree came through the roof or windshield.
While Caldwell was waiting for the police to arrive at the scene of the accident, he began feeling pain and discomfort in his back. After the tree was removed, Caldwell drove back to his house, just a short distance down the street, and asked his wife to drive him to the emergency room at the Northern Louisiana Medical Center. By that point, Caldwell was in severe pain. The doctor examined and x-rayed him, noting that Caldwell’s reported pain was in his lower back and was a seven on a scale of one to ten. The doctor also documented a contusion to Caldwell’s lower back, prescribed muscle relaxants and pain medication, and released him. Caldwell testified that he took the next two weeks off work because of pain in his back and he didn’t feel up to physical labor. He went back to work Rafter two weeks even though his back was still hurting because he is the sole provider for the family and he had get back to work, pain or no pain.
Eight days after the incident, Caldwell sought treatment from a chiropractor, Dr. Arnold Harris, for back and neck pain. Caldwell also reported to the chiropractor his concerns that his symptoms and pain would affect his ability to perform his job. He treated with Dr. Harris for approximately four months. Dr. Harris provided Caldwell, with a portable TENS, unit to use at home. According to , Caldwell, this treatment helps, but as of trial, he is still having problems with his back. Caldwell ceased treatment with Dr. Harris on a continued basis because he did not have .the money for regular treatment.
In a medical report from July 5, 20X1, Dr. Harris made a final diagnosis of moderate, acute traumatic lumbar, cervical and thoracic strain/sprain; neuralgia, neuritis, radiculitis-lumbar; stiffness, restricted range of movement-lumbar; headaches; and deep spasms-cervical, thoraco-lumbar. Dr. Harris also noted that these injuries were caused by the accident and were not complicated by any other pre-existing injuries or , conditions. Dr. Harris further opined that “[tjhrough [cjhiropractic manipulation and treatment of this patient an attempt, was made to restore normal function to the involved joints, and I feel we have succeeded fairly well in this endeav- or, especially considering the initial amount of injury. . However, I can say with certainty that the involved ligaments are not ‘as good as new’ and that Mr. Caldwell may expect to have periods of exacerbations of pain and.stiffness in the involved joints.”
IsCaldwell returned on an intermittent basis • for treatment of lower back pain which radiated into his legs; this pain was continuing through the date of trial. Caldwell also testified that he had purchased a massaging chair which he sits in frequently because it loosens up his back. His wife and granddaughter massage his back with Ben-Gay, and he uses an ice pack for relief as well. r.
After the accident, Caldwell works more •slowly than he used to, and sometimes he has to hire a helper to assist him with jobs he could once do on his own. At the end of a work day, according to Caldwell, he is *850 “pretty much burned out ... all [he] can do is sit and watch t.v.” Caldwell testified that he would have sought further medical treatment but was uncertain as to how he would pay for it.
■ Caldwell reiterated that he has done the same type of work for 20-30 years and before the accident, had never had to see a doctor for lower back pain. When asked about possible lighter duty jobs,'his answer was “no,” because contracting was not only his skill and trade, it is something that he enjoys doing.
Iva Caldwell corroborated her husband’s testimony about his pain and discomfort. Mrs. Caldwell further' stated that she worked as an L.P.N., but had quit working full-time several years prior to her husband’s accident to care for her family. According to Mrs. Caldwell, her husband has always been a hard worker who provided well for them. Prior to the accident, he worked six days a week and "rarely complained about physical problems. When he did have a complaint, it was about his knees, because the flooring |fiwork he does is hard oh them. Since his accident, Caldwell has complained regularly of lower back pain. Mrs. Caldwell testified that she has used her nursing "skills to help ease her husband’s pain by massaging his neck and back - and setting up the TENS unit for him. When-asked whether Caldwell had improved any, Mrs. Caldwell responded that his pain was chronic and did not seem to have gotten.any better.
Considering Caldwell’s diagnoses, the extent and duration of his medical treatment, actual and recommended, his uncon-tradicted reason for not seeking further treatment (an inability to pay rather than an unwillingness to continue treatment), the extent and duration of his pain and suffering, and the fact that he returned to work in pain because he was- the sole support for his family, we And the general damage award of $4,000 to be an abuse of discretion. Our review of prior awards in similar cases (see appendix) leads us to determine that $15,000 is the lowest reasonable .amount that was within the trial court’s discretion that will compensate plaintiff for his general damages.

Conclusion

For the reasons set forth above, the general damage award to plaintiff, Caldwell, is increased to $15,000. Costs of this appeal are assessed to. .defendants, AN-PAC Insurance Company and Michael Jones.

JjAPPENDIX

Lewis v. Progressive Paloverde Ins. Co., 13-617 (La.App. 3d Cir.11/06/13), 125 So.3d 581 (soft tissue injuries to cervical and lumbar spine resolved in one month, treatment for one month-$7,500).
Smith v. Escalon, 48,129 (La.App.2d Cir.06/26/13), 117 So.3d 576 (prior back and neck problems aggravated by accident, soft tissue injuries that were mostly resolved after six months, several weeks of physical therapy, plaintiff chose not to continue medical treatment because of age and prior medical issues-$20,000).
Martin ex rel. Lee v. Walker, 47,483 (La.App.2d Cir.10/10/12), 107 So.3d 102 (neck and back spasms, four’months treatment, on last day of treatment, chiropractor’s release form indicated resolution of condition and no more pain eight months post-accidental?,000).
Stoll v. Allstate Ins. Co., 11-1006 (La.App. 5th Cir.05/08/12), 95 So.3d 1089 (two plaintiffs, each had minor soft tissue injury with some pain two years post-accident, each-$15,000).'
Johnson v. St. Romain, 11-266 (La.App. 3d Cir.10/05/11), 74 So.3d 836 (soft tissue shoulder and neck injury, eight weeks con *851 servative treatment, residual pain as of trial which was eight months' post-injury, impairment of day-to-day activities-$22,500).
Hannie v. Guidry, 10-216 (La.App. 3d Cir.10/06/10), 48 So.3d 396 (neck stiffness for two-three weeks, back pain for four months and thereafter occasional, only treatment ER visit on day of accident-$9,000).
Moody v. Cummings, 09-1233 (La.App. 4th Cir.04/14/10), 37 So.3d 1054, writ (denied, 10-1106 (La.09/03/10), 44 So.3d 686 Clumbar strain fíve-six. months duration-$12,000).
Martin v. Safeway Ins. Co. of Louisiana, 08-1419 (La.App. 3d Cir.04/15/09), 26 So.3d 777 (acute cervical and lumbar strain, two months medical treatment, no time off work, no permanent disability-$37,500).
Saunders v. ANPAC Louisiana Ins. Co., 43,405 (La.App.2d Cir.08/13/08), 988 So.2d 896 (soft tissue injuries, back pain, still occurring three, years post-accident-$25,000).
Clayton v. Republic Vanguard Ins. Co., 05-1615 (La.App.3d Cir.05/03/06), 929 So.2d 811 (soft tissue injury to lower back, three months of treatment, inability to pay caused plaintiff to stop treatment and therapy, residual pain as of trial-$15,000).
Williams v. Roberts, 05-852 (La.App. 5th Cir.04/11/06), 930 So.2d 121 (cervical, thoracic and lumbar strain, returned to work after one day, pain controlled with over the counter medication and three months treatment with chiropractor, three months duration of injury-$7,500).
Viviano v. Progressive Sec. Insurance Co., 05-125 (La.App. 3d Cir.01/11/06), 920 So.2d 313, writ denied, 06-0359 (La.04/28/06), 927 So.2d 290 (soft tissue injury .which resolved itself within three-months of aeci-dent, required minimal medical- treatment and physical therapy-$ll,000).
Peters v. Williams, 40,403 (La.App.2d Cir.12/14/05), 917 So.2d 702 (moderate soft tissue injury of five-six months duration caused by minimal vehicle collision-$12,500).
Smith v. Ebey, 04-889 (La.App. 3d Cir.12/29/04), 896 So.2d 143 (six month cervical soft tissue injury, three months treatment,, full recovery 14 months later with three • acupuncture appointments-$12,000). ..
Joseph v. Houston, 04-350 (La.App. 5th Cir.10/12/04), 886 So.2d 1133 (cervical and lumbar sprain five months duration-$12,500). •
Yeager v. Allstate Ins. Co., 03-1609 (La.App. 3d Cir.04/28/04), 872 So.2d 592- (tho-rocolumbar strain, two months physical therapy, three montfys. .of,, constant pain during which he had to cut back on- his hours at work, residual dull pain in lower back as of trial-$19,000).
McCormick v. Allstate Ins. Co., 03-1557 (La.App. 3d Cir.04/07/04), 870 So.2d 547 (traumatic lumbosacral sprain with muscle spasms, two months chiropractic treatment-$12,000).
Fletcher v. Simmons, 37,758 (La.App.2d Cir.10/29/03), 859 So.2d 292 (mild musculo-skeletal strain/soft tissue- injury, residual pain three years post-accident, plaintiff unable to continue medical treatment and physical therapy because of work schedule^, 000).
Lee v. Farmers Ins. Exchange, 02-933 (La.App. 3d Cir.04/02/03), 842 So.2d 455 (soft tissue damages m cervical area, lumbar strain, five weeks treatment, continued pain as of trial7$15,00Q),
Vines v. Wood, 34,555 (La.App.2d Cir.04/04/01), 785 So.2d 126 (soft tissue *852 lumbar sprain/strain, residual pain as of trial, continued medical- treatment-$7,500).
Cooper v. Lacorte, 99-1726 (La.App. 4th Cir.05/17/00), 775 So.2d 4 (headaches, cervical, thoracic and lumbar sprains, shoulder and hip contusions, medical testimony that plaintiff should have reached maximum .medical improvement six-seven months post-accident-$24,000).
Adler v. American Nat’l Property and Cas. Co., 99-3182 (La.App. 4th Cir.09/20/00), 769 So.2d 698 (cervical strain, neck pain and headaches,- six .months treatment but refusal to attend physical therapy, some residual pain-$20,000).
Mier v. Martin, 99-989 (La.App. 3d Cir.12/22/99), 755 So.2d 958 (six months shoulder and back soft tissue injury, chiropractic treatment-$15,000).
Dolmo v. Williams, 99-0169 (La.App. 4th Cir.09/22/99), 753 So.2d 844 (moderately severe cervical thoracic spine strain/sprain and pain in lumbrosacral spine for five months, recurring pain and headaches, five months treatment-$12,500).