LOLLEY, J.
hCourtland Thomas appeals a judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, which awarded him $5,000.00 in general damages and $6,027.90 in special damages against Nicky Morris and Safeway Insurance Company (“Safeway”). For the following reasons, we amend the trial court’s judgment to increase the general damage award to $10,000.00, and as amended, affirm the judgment.
Facts
On October 2, 2013, Courtland Thomas was a passenger in a vehicle owned and operated by Leonard Williams. They were stopped at a traffic light at the intersection of Youree Drive and Kings Highway in Shreveport, Louisiana. When the light turned green, Williams proceeded forward, but quickly came to a complete stop because of traffic. When Williams stopped his vehicle, it was rear ended by a vehicle driven by Nicky Morris, who was insured by Safeway. As a result, Thomas sustained injuries and eventually sought medical attention from Willis Knighton Medical Center (“Willis Knighton”) on October 7, 2013. He subsequently was treated by Dr. Majdi Dawud, a chiropractor, from October 15, *649 2013, through January 22, 2014, for headaches and back and neck pain.
Thomas ultimately filed suit against Morris and his insurer, Safeway. The parties stipulated to the medical records and bills of Willis Knighton and Dr. Dawud for a total amount of $6,027.90. Additionally, the parties stipulated that if Dr. Dawud were called to testify, he would state that Thomas’s injuries were “more probably than not” due to the collision caused by Morris. After a trial on the merits, Thomas was awarded the stipulated ^amount of special damages and a general damage award of $5,000.00. Thomas appeals that judgment.
Discussion
On appeal, Thomas raises only one assignment of error, arguing that the trial court abused its discretion in awarding him $5,000.00 in general damages, when he was treated for his injuries for three months and experienced pain from the date of injury (October 2, 2013) until the date of trial (January 21, 2016). According to Thomas, the trial court erred in limiting his general damages to three months of pain, when he had pain for at least 26 months. Thomas argues that the trial court’s reliance on the finding that he had reached “medical maximum improvement” was misplaced because that does not mean he was free from pain or recovered from his injury.
In the assessment of damages, much discretion is vested in the trier of fact. La. C.C. art. 2324.1. General damages include pain and suffering, inconvenience, the loss of physical enjoyment, and other losses of life or lifestyle that cannot be definitively measured in monetary terms. McGee v. AC and S, Inc., 2005-1036 (La. 07/10/06), 933 So.2d 770; Young v. Marsh, 49,496 (La.App. 2 Cir. 11/19/14), 153 So.3d 1245.
There is no mechanical rule for determining general damages. The facts and circumstances of each case control. Guerrero v. Brookshire Grocery Co., 49,-707 (La.App. 2 Cir. 04/29/15), 165 So.3d 1092; Blue v. Donnie Baines Cartemps USA, 38,279 (La.App. 2 Cir. 03/03/04), 868 So.2d 246. The nature, relative severity and bodily extent of injuries are qualitative factors that must first be considered by the trier of fact in awarding general damages. Young, supra. The duration of a plaintiffs | «injury symptoms and the duration of treatment are relevant quantitative factors that must also be taken into account. Id.; Caldwell v. ANPAC Ins. Co., 50,333 (La.App. 2 Cir. 01/13/16), 185 So.3d 846, 848.
Before an appellate court may disturb such an award of general damages, the record must clearly reveal that the trial court abused its broad discretion in making the award, based on the facts and individual circumstances peculiar to the case under consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Pittard v. Lewis, 45,412 (La.App. 2 Cir. 08/11/10), 46 So.3d 202, 204.
There is no dispute that Thomas sustained injuries as a result of the collision. At trial, Thomas, 28 years old at the time of the accident, testified that he was starting a new job that day and felt he needed to report to work despite the collision; thus he did not immediately seek medical attention. However, he testified that he woke up the next day feeling lower and mid-back and neck pain, along with headaches. On October 7, he sought treatment at Willis Knighton, complaining of “throbbing” pain, which he rated a 5 out of 10 on a pain scale. He was diagnosed with mus-culoskeletal pain. He was released with *650 prescriptions for Flexeril (a muscle relaxant) and Ketorolac (an anti-inflammatory).
Subsequently, Thomas was treated by Dr. Dawud, a chiropractor, from October 15, 2013, through January 22, 2014, for headaches and back and neck pain. His medical records were admitted into evidence and considered by the trial court. Dr. Dawud’s initial evaluation noted that since the collision, Thomas “has had problems with squatting, bending, twisting, carrying, lifting, and pushing.” The initial evaluation also showed that the | ¿intensity of Thomas’s pain was moderate to severe. A review of the records shows that Thomas’s symptoms improved gradually over time, until the final evaluation on January 22, 2014. At that time, Dr. Dawud noted that the intensity of Thomas’s complaints was minimal; however, his symptoms were still “bothersome.” His physical examination showed him to be within normal limits, and Dr. Dawud released him at “Maximum Medical Improvement.”
Thomas testified that as of the date of trial he was still feeling symptoms of his injuries, even though he was not being currently treated. Notably, prior to the accident, Thomas had no physical ailments: he was employed and was active in community theatre as a hip-hop dancer. In addition to the pain he continued to experience at the time of trial, Thomas also testified he still was unable to dance or lift heavy objects.
In assessing Thomas’s general damages, the trial court correctly noted the duration of time for which Thomas received medical treatment for his injuries. In fact, at the trial’s conclusion, the trial court thoroughly reviewed Thomas’s medical history in great detail. Then, specifically noting that Thomas had been treated for his symptoms for three months, the trial court awarded general damages in the amount of $5,000.00 in addition to his special damages. However, duration of treatment is only one relevant consideration in awarding general damages. Here, the trial court did not take into consideration the duration of time for which Thomas continued to experience symptoms. Thomas testified that he was still in pain and affected by his injuries more than two years after the collision. Whereas the trial court noted that Thomas was sometimes inconsistent in describing his pain level, the record shows that Thomas complained of some level of pain | ^consistently after the incident. Moreover, the trial court did not specifically find Thomas to be unbelievable, and there was no evidence tending to disprove Thomas’s testimony that he continued to experience pain at the time of trial.
Considering Thomas’s injuries and diagnosis, the extent and duration of his medical treatment, as well as the extent and duration of his pain and suffering post-treatment, we find the general damage award of $5,000 to be an abuse of discretion. We pay specific attention to this Court’s prior opinion, Caldwell, supra, which made a comprehensive and exceedingly thorough review of prior awards in similar cases. Of particular note are the following cases: Smith v. Escalon, 48,129 (La.App. 2 Cir. 06/26/13), 117 So.3d 576, 582 (plaintiff injured in rear-end collision; prior back and neck problems aggravated by accident; soft tissue injuries that were mostly resolved after six months; several weeks of physical therapy; and, at trial, more than two years later, still experienced pain “at times”-$20,000); and, Martin ex rel. Lee v. Walker, 47,483 (La.App. 2 Cir. 10/10/12), 107 So.3d 102, 105-6 (neck and back spasms; four months treatment; on last day of treatment, chiropractor’s release form indicated “maximum medical benefit” from her treatment; and, no more pain eight months post-accident-$17,000). *651 Considering both the duration of treatment as well as duration of symptoms for this plaintiff, we conclude $10,000.00 is the lowest reasonable amount within the trial court’s discretion that will compensate this plaintiff for his general damages.
Conclusion
For the reasons set forth above, we affirm the judgment of the trial court awarding a general damage award to plaintiff, Courtland Thomas, and | fiwe amend the judgment by increasing the general damages to $10,000.00. Costs of this appeal are assessed to Nicky Morris and Safeway Insurance Company.
AFFIRMED, AS AMENDED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, MOORE and LOLLEY, JJ.
Rehearing denied.
MOORE, J., would grant rehearing.