886 So.2d 1133 (2004)
Lois JOSEPH
v.
Rowdy D. HOUSTON, United Services Automobile Association.
No. 04-CA-350.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2004.
*1135 Raymond S. Steib, Gretna, LA, for Plaintiff/Appellee.
Valerie M. Briggs, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
In this automobile accident case, the Defendant, United Services Automobile Association (USAA), appeals from the trial court judgment, rendered in favor of the Plaintiff, Lois Joseph (Joseph), in the amount of $14,869.00 plus interest and costs, reduced to the policy limits of $10,000. For the reasons which follow, we affirm.
The accident occurred on March 10, 2000 between Joseph and Rowdy Houston (Houston)[1]. At the time of the accident Houston was insured by USAA. The facts of the accident were disputed at trial. Joseph contends that she entered the Westbank Expressway in Jefferson Parish from First Metro Insurance Agency. She contends that she was in the right lane when Houston, in front of her, entered the Westbank Expressway from Whitney Avenue. She moved into the center lane and passed Houston. She then proceeded to move into the right lane to turn towards her destination. She testified that she activated her turn indicator and entered the right lane in front of Houston with 80 or 90 feet to spare. Houston then increased his speed behind her. When she was forced to stop behind traffic, he ran into the back of her vehicle, forcing her vehicle into the automobile in front of her. Joseph was driving a 1995 Mazda 626. Her daughter, Rachel Cyprian, was a passenger.
Houston's version of the accident is quite different. He testified that he drove into the middle lane of the Westbank Expressway from his wife's place of business, Labor Ready. His wife, Karen Houston, and a friend were in his truck. He contends that Joseph was in the right lane of traffic behind a bus. As he approached, she moved into the middle lane in front of him at a very slow speed. She passed the bus and moved back into the right lane. Houston testified that he then passed Joseph and moved into the right lane in front of her in order to turn onto Terry Parkway. Houston contends that Joseph made several gestures toward him as he passed her. Houston testified that Joseph then moved into the middle lane, sped up and passed him and moved quickly back into *1136 the right lane stopping suddenly, and causing him to run into the back of her vehicle. Karen Houston testified, corroborating her husband's version of the events.
Officer Devina Brown of the Crescent City Connection Police Department investigated the accident and testified that she gave a ticket to both Joseph for improper lane use and Houston for careless operation of his vehicle. Both parties testified that the charges were dismissed.
Five days after the accident, upon the advice of her attorney, Joseph sought treatment for her injuries from a chiropractor, Leroy Stagni (Stagni). Stagni diagnosed Joseph's condition as a cervical and lumbar sprain and recommended that she receive treatment twice a week. Joseph presented for treatment regularly for three months and then steadily decreased her visits.
Following the testimony of these witnesses, the trial court took the matter under advisement. On October 29, 2003, he rendered judgment in favor of Joseph and against USAA in the total amount of $14,869, $2119 for medical expenses, $250 for reimbursement of her deductible and $12,500 for five months of pain and suffering, as well as interest from the date of judicial demand and costs. On November 4, 2003, USAA filed a motion for new trial and, in the memoranda in support of the motion, argued that the judgment should be reduced to $10,000, its policy limits. On January 23, 2004, a judgment was rendered, granting USAA's motion for new trial and ruling that "the plaintiff's damages be limited to $10,000 (TEN THOUSAND DOLLARS) plus interest and Court costs in accordance with the policy of insurance entered into evidence at the trial of this matter on behalf of the defendant, United Services Automobile Association." It is from these two judgments that USAA appeals.
On appeal, USAA assigns four errors. First, it argues that the trial court erred in failing to apportion fault between Joseph and Houston and that failure, in accordance with La. C.C.P. arts. 1917 and 1812(C), is legal error requiring de novo review of the facts by this Court.
Joseph argues, generally, that no appeal lies from a consent judgment and that the judgment rendered on January 23, 2004, on the motion for new trial, was a consent judgment. Further, on this specific assignment of error, Joseph argues that the trial court judgment effectively did apportion fault by finding USAA liable for 100% of Joseph's damages. The trial court found no comparative fault on the part of Joseph, following a credibility determination in Joseph's favor.
In reviewing the judgment on the motion for new trial, as well as the transcript of the hearing, while we do find reference to the parties' consent in the transcript, we find no evidence that there was any intent to settle anything other than the policy limits issue raised by the motion for new trial. We do not find, as argued by Joseph, any indication of intent on the part of USAA, to settle the entire lawsuit and to forego appellate rights. In fact, the judgment does not even evidence the fact that it was being entered by the consent of the parties, only making reference to "agreement of counsel regarding the policy language set forth in the United Services Automobile Association insurance agreement...." Thus, we find no merit in this argument and will consider the appeal.
As to USAA's first assignment of error, we find that it is well settled that where a judgment is silent as to any part of a demand or any issue that was litigated, that demand is deemed rejected. Mooers v. Sosa, 01-286 (La.App. 5th Cir.9/25/01), 798 So.2d 200; Talbot v. C & *1137 C Millworks, Inc., 97-1489 (La.App. 1st Cir.6/29/98), 715 So.2d 153, 155. In this case, the matter of Joseph's fault was put at issue or litigated both in the defense answer and at trial. Since the judgment was silent on the issue of Joseph's fault, it is deemed rejected, not omitted as argued by USAA. Moreover, while the judgment herein did not expressly state that it found Joseph free of fault, it certainly implied as much by finding USAA solely liable for her damages. Thus, we find no merit in USAA's argument that the trial court failed to apportion fault. To the contrary, we find that the trial court did apportion fault by finding USAA 100% liable for Joseph's damages.
Next, USAA argues that the trial court erred in its factual determinations. USAA argues that the trial court should have found Joseph 100% at fault in causing the accident.
Joseph argues, to the contrary, that the factual determinations made by the trial court were correct and supported by the record. The record does not support a finding of manifest error on the part of the trial court. Further, Joseph argues that the trial court made a credibility determination which is not to be disturbed by the appellate court.
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court's finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide that it would have found the facts of the case differently. The reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221. Moreover, one of the basic tenets of the manifest error standard of review is that "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the court of appeal is convinced that had it been the trier of fact, it would have weighed the evidence differently." Parish Nat. Bank v. Ott, XXXX-XXXX (La.2/25/03), 841 So.2d 749, 753.
Upon review of the record, we find that the facts surrounding how the accident happened were thoroughly contested. The driver of each vehicle had a distinctly different version of the events. Under Joseph's version, the accident was caused solely by the fault of Houston. Under Houston's version, Joseph would bear at least some, if not all, of the fault in causing the accident. Based on the trial court's judgment in favor of Joseph and against USAA, it is clear that the trial court made a credibility determination in favor of Joseph. While we cannot say that, as the trier of fact, we would have given the same weight to the evidence presented, we find no grounds upon which to disturb the trial court credibility and factual determinations. Thus, we find no manifest error in the trial court conclusion that Houston was solely at fault and Joseph was not at fault in causing the accident.
The last two arguments presented by USAA involve quantum. USAA argues that the trial court erred in awarding damages for pain and suffering in the amount of $2500 for each of five months following the accident. More specifically, USAA argues that the award was excessive because the trial court recognized that Joseph failed to mitigate her damages and she continued to work throughout her treatment. USAA also argues that the trial *1138 court erred in awarding Joseph $250 for the amount she allegedly paid as an insurance deductible where there was no evidence of the payment other than her testimony.
Joseph argues that the award of damages is a matter of vast trial court discretion and there is no showing that the trial court abused its discretion herein. Further, Joseph argues, that the "Consent Judgment" reducing the damages from $14,869 to $10,000 removes any and all validity from USAA's quantum argument.
Our jurisprudence has consistently held that in the assessment of damages, much discretion is left to the judge or jury, and upon appellate review such awards will be disturbed only when there has been a clear abuse of that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). And, "[i]t is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review be considered either excessive or insufficient." Reck v. Stevens, 373 So.2d 498, 501 (La.1979). Appellate courts review the evidence in the light which most favorably supports the judgment to determine whether the trier of fact was clearly wrong in its conclusions. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Before an appellate court can disturb the amount of an award, the record must clearly reveal that the jury abused its discretion. In order to make this determination, the reviewing court looks first to the individual circumstances of the injured plaintiff. Only after analysis of the facts and circumstances peculiar to the particular case and plaintiff may an appellate court conclude that the award is inadequate. Reck v. Stevens, supra; Gunn v. Robertson, 01-0347 (La.App. 5th Cir.11/14/01), 801 So.2d 555, 562.
In reviewing the record, we find no abuse of the trial court's discretion in setting the damage award herein. Joseph testified that she sustained injuries to her neck, back and right leg. The record indicates that Joseph experienced frequent, dull pain that radiated down her right leg. She also suffered tingling in her leg, arms and hand. The pain was worse in the morning, manifesting itself in stiffness. The pain affected her ability to sleep, but did not affect her ability to work. Joseph worked at Memorial Baptist Hospital as an electrocardiogram (EKG) technician. Stagni indicated that Joseph had spasms in the mid and upper cervical region on the right. She also had tenderness in the mid and upper cervical region on the right. Her range of motion in the cervical area was restricted and painful in flexion, extension, and right lateral flexion. Joseph also had spasms, tenderness and pain in the lumbar region. Stagni originally recommended that Joseph come in for two treatments per week. After several months her pain decreased and he reduced the recommended treatments. The record indicates that Joseph did not go in for treatments in August, but resumed in September and October for a few visits. The trial court limited the award to the 5 month period following the accident from March through July, and refused reimbursement for any period thereafter, following the month skip in treatments. Thus, following our review of the record, we do not find that the trial court abused its discretion in its damage assessment, awarding reimbursement for medical expenses for five months and $2500 per month for pain and suffering for the same five month period, while rejecting the request for any further award. Further, since the judgment on the motion for new trial limited Joseph's damages to a total of $10,000, the pain and suffering award was effectively reduced for the five month period *1139 and it is no longer clear that the $250 reimbursement for the payment of the deductible remained part of the judgment.
Accordingly, based on the foregoing, we affirm the trial court judgment in favor of Joseph and against USAA in the amount of $10,000 plus interest and court costs. Costs of this appeal are to be paid by USAA.
AFFIRMED.
NOTES
[1] Houston was originally named as a Defendant in the suit but was dismissed prior to the commencement of trial because he had never been served.