| | | |
|---|---|---|
| JOHN PRESTON | * | NO. 2023-CA-0277 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| CERTAIN UNDERWRITERS | * | |
| AT LLOYD'S LONDON AND | | FOURTH CIRCUIT |
| PAC HOUSING GROUP, LLC | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-08681, DIVISION "J"
Honorable D. Nicole Sheppard
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

Megan C. Kiefer
Christopher M. Short
Nat G. Kiefer, Jr.
KEIFER & KIEFER
2310 Metairie Road
Metairie, LA 70001

     COUNSEL FOR PLAINTIFF/APPELLANT

Stephen Michael Gele'
Dylan T. Leach
SMITH & FAWER, L.L.C.
201 St. Charles Avenue
Suite 3702
New Orleans, LA 70170

     COUNSEL FOR DEFENDANT/APPELLEE

         **AFFIRMED**
         **January 22, 2024**

*RML*
*TFL*
*NEK*

This is a personal injury suit. The plaintiff—John Preston ("Mr. Preston") —tripped over a subsurface irrigation pipe located on the grounds of his apartment complex, which was owned by GMF-Preservation of Affordability Corp, operated by PAC Housing Group ("PAC"), and insured by Certain Underwriters at Lloyd's London, LLC (collectively "Defendants"). Following a bench trial, the trial court awarded Mr. Preston $5,000 in general damages; $4,830 in past medical expenses; and no lost wages. From this judgment, he appeals. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2019, Mr. Preston filed suit against Defendants for damages resulting from an accident at the Parc Fontaine apartment complex, which is owned, operated, and insured by Defendants. Mr. Preston alleged that he tripped and fell over an exposed subsurface irrigation pipe located in a grassy area of the apartment complex. As a result of the fall, Mr. Preston sprained his right ankle, which required about seven weeks of physical therapy. Mr. Preston, who works as a film lighting technician on movie sets, was unable to work for about ten weeks – seventy days – due to his injury.

1

At trial, Mr. Preston called David Pertuit ("Mr. Pertuit") as an expert witness to provide an analysis of the scene of the accident. Mr. Preston also called Ms. Raquel Black ("Ms. Black"), who was PAC's regional property manager for the Parc Fontaine apartment complex.

At the conclusion of trial, the court allocated fault 70% to PAC and 30% to Mr. Preston. Further, the trial court awarded general and special damages, as outlined elsewhere in this opinion. This appeal followed.

**DISCUSSION**

Although Mr. Preston assigns three errors on appeal, we frame the issue presented as whether the trial court erred in allocating fault and awarding damages.[1] Defendants answered the appeal. In their answer, Defendants assigned as error the trial court's ruling granting Mr. Preston's motion to strike Edward Carrick as an expert witness and its allocation of fault. We divide our analysis into the following three parts: (i) striking of expert witness; (ii) allocation of fault; and (iii) damage award. Because a different standard of review governs each of these parts, we set forth the standard separately.

*I.    Striking of Expert Witness*

Trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. *See Hamilton v. Nat. Union Fire Ins. Co.*, 22-0106, pp. 7-8 (La. App. 4 Cir. 11/9/22), 351 So.3d 829, 835 (citing *Moak v. Illinois Cent. R. R. Co.*, 93-0783

---

[1] On appeal, Mr. Preston assigns as error the following:

1. The trial court erred when it failed to award Mr. Preston his past lost wages.
2. The trial court erred in assigning Mr. Preston 30% comparative fault.
3. The trial court erred by only awarding Mr. Preston $5,000 in general damages.

2

(La. 1994), 631 So.2d 401, 406; *Folds v. Red Arrow Towbar Sales*, 378 So.2d 1054, 1057 (La. App. 2d Cir.1979)).

Defendants argue that the trial court abused its discretion in granting Mr. Preston's motion to strike Mr. Carrick as an expert witness. The trial court's ruling does not rise to the level of abuse of discretion. Defendants waited until August 10, 2022, three years after suit was filed, to disclose Mr. Carrick as a witness. By contrast, Mr. Preston provided Mr. Pertuit's report to the Defendants in April 2021. While the original pre-trial schedule was disrupted by the COVID-19 pandemic, Defendants had time to engage an expert for trial. Taking into account a court's discretion over pre-discovery matters coupled with the amount of time that elapsed here, we cannot concluded that the trial court abused its discretion in granting Mr. Preston's motion to strike.

*II.     Allocation of Fault*

A trial court's allocation of fault is a question of fact. *See Amos v. Taylor*, 51,595, p. 3 (La. App. 2 Cir. 9/27/17), 244 So.3d 749, 752 (citation omitted). The trial court's factual findings are subject to the manifest error standard of review. *See Jenkins v. Fanguy*, 05-0383, pp. 4-5 (La. App. 4 Cir. 11/15/06), 946 So.2d 201, 204 (citing *Cenac v. Public Access Water Rights Ass'n*, 02-2660 (La. 6/27/03), 851 So.2d 1006, 1023).

Further, the Louisiana Supreme Court has held that for a factfinder's findings to be reversed, the appellate court must find from the record that a reasonable factual basis for the findings does not exist and that the record establishes that the findings are clearly wrong. *See Parish Nat. Bank v. Ott*, 02-1562, pp. 7-8 (La. 2/25/03), 841 So.2d 749, 753-54 (quoting *Stobart v. State Through DOTD*, 617 So.2d 880, 882-83 (La.1993)). The issue to be resolved by In

3

the reviewing court is not whether the trier of fact is right or wrong but whether the trier of fact's conclusion was a reasonable one. *Id*. The appellate court may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

Comparative fault in Louisiana is governed by La. C.C. art. 2323.[2] Regarding determinations of comparative fault, the trier of fact shall consider both the nature of the conduct of each party and the extent of the causal relation between the conduct and the damages claimed. *See Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967, 974 (La.1985). Further, the Louisiana Supreme Court has also laid out the following factors that may influence the degree of fault allocated to a party:

> (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any

---

[2] Louisiana Civil Code Article 2323 provides:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

> B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

> C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.

4

extenuating circumstances which might require the actor to proceed in haste, without proper thought.

*Id.* Moreover, when a defendant asserts comparative fault as an affirmative defense, the defendant bears the burden of proof by a preponderance of the evidence that the other party's fault was a cause-in-fact of the damage being complained about. *Dupree v. City of New Orleans*, 99-3651, p. 19, n.13 (La. 8/31/00), 765 So.2d 1002, 1015.

Here, Mr. Preston contends that the trial court erred in allocation 30% fault to him. Based on our review of the record, we cannot conclude that the trial court's allocation of fault between the parties was manifestly erroneous.

At trial, Mr. Pertuit testified that the irrigation pipe was defective because it was meant to be below ground because its exposure above the surface was a tripping hazard. Further, Ms. Black testified that management was aware that residents of the apartment complex frequently walked across the grassy area in which the irrigation pipe was located. She further agreed with Mr. Preston's assertion that the grounds keeping staff's job duties included ensuring that subsurface irrigation pipes stayed below the ground. After reviewing a photograph of the scene of the accident, Ms. Black agreed that if she had seen the pipe in that condition, she would have directed someone to add soil to correct the problem.

Through the testimonies of Ms. Black and Mr. Pertuit, Mr. Preston showed that the irrigation pipe was not properly submerged beneath the surface and that its exposure constituted a tripping hazard. Defendants, on the other hand, demonstrated that the area in which the pipe was located was not a proper walkway for Mr. Preston.

Regarding allocation of fault, Defendants argue that the trial court erred in failing to account for the open and obvious nature of the exposed pipe as they did not owe Mr. Preston a duty to protect him from an open and obvious hazard. In *Farrell v. Circle K. Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So.3d 467, the Louisiana Supreme Court held that whether a condition is open and obvious is embraced within the breach of the duty element of the duty/risk analysis. It is not a doctrine barring recovery, but only a factor of the risk of the risk/utility balancing test. *Id*. at p.12, 359 So.3d at 478. Defendants' argument is no longer a valid defense to the duty element of negligence under current Louisiana jurisprudence. Thus, Defendants did not demonstrate that the trial court was clearly wrong in rejecting this argument.

Based on our review of the record, we cannot conclude the trial court's allocation of fault was manifestly erroneous.

III.    *Damage Awards*

Here, the trial court awarded two types of compensatory damages – special and general. Special damages are defined as "those which either must be specially pled or have a 'ready market value,' i.e. the amount of damages supposedly can be determined with relative certainty." *Wainwright v. Fontenot*, 00-0492, p. 5 (La. 10/17/00), 774 So.2d 70, 74. A plaintiff is required to prove special damages by a preponderance of the evidence. *Mack v. Wiley*, 07-2344, p. 13 (La. App. 1 Cir. 5/2/08), 991 So.2d 479, 489. The standard of review applicable to an award of special damages is the manifest error standard. *Kaiser v. Hardin*, 06-2092, pp. 11-12 (La. 4/11/07), 953 So.2d 802, 810.

6

Lost wages are a form of special damages, i.e., those which can be established to a reasonable mathematical certainty. *Williams v. State Farm Mut. Auto. Ins. Co.*, 20-248, p. 15 (La. App. 5 Cir. 2/17/21), 314 So.3d 1010, 1021; *Simon v. Auto. Club Inter-Ins. Exch.*, 20-156, p. 21 (La. App. 5 Cir. 10/13/21), 329 So.3d 1072, 1087.

General damages are defined as "those which may not be fixed with pecuniary exactitude," instead, they "involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Duncan v. Kansas City Railway Co.*, 00-0066, p. 13 (La. 10/30/00), 773 So.2d 670, 682. For that reason, general damage awards are reviewed under the "much discretion" standard of La. C.C. art. 1999, which provides "[w]hen damages are insusceptible of precise measurement, much discretion shall be left to the court for the reasonable assessment of these damages." *See also* La. C.C. art. 2324.1 (providing that "[i]n the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury"); *Cone v. National Emergency Services, Inc.*, 99-0934, p. 8 (La. 10/29/99), 747 So.2d 1085, 1089 (citing *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993) (holding that an abuse of discretion standard applies to the review of general damage awards)).

Mr. Preston argues that the trial court erred in failing to award any lost wages to him. He also argues that the trial court's general damages award was abusively low for the injuries he suffered. We separately address both arguments.

7

*a. General Damages Award*

Recently, the Louisiana Supreme Court provided a new rule for the consideration of prior awards to determine whether a trial court has abused its discretion. In *Pete v. Boland Marine & Mfg. Co. LLC,* 23-00170, p. 2 (La. 10/20/23), ___ So.3d ___, ___, 2023 WL 6937381, the Supreme Court explained the new rule as follows:

> The inherently subjective nature of the abuse of discretion standard in the context of reviewing general damages awards compels that some measure of objectivity be incorporated into the determination of an award's reasonableness, so that there is some standard for comparison. We now hold that an appellate court must consider relevant prior general damages as guidance in determining whether a trier of fact's award is an abuse of discretion.

Moreover, if an abuse of discretion is found, the court is to then also consider those prior awards to determine the highest or lowest point which is reasonably within that discretion. *Id.* at p. 10, ___ So.3d at ___, 2023 WL 6937381 at *6. (citing *Jones v. Basket Market Stores, Inc.*, 22-00841, p. 16 (La. 3/17/23), 359 So.3d 452, 464).

The factors to be considered in assessing quantum of general damages for pain and suffering are severity and duration. *See Willis v. Noble Drilling (US), Inc.*, 11-598, p. 19 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 845 (citation omitted). Thus, this Court is obligated to consider both the facts contained in the record and prior damage awards in cases similar to the instant matter.

At trial, Mr. Preston testified that he was not medically cleared to return to work for seventy days following the accident. He also provided medical reports and a deposition transcript of his treating physician establishing that he suffered a

8

grade III right ankle sprain as a result of the fall. Mr. Preston's treatment plan required about seven weeks of physical therapy.

To support his argument, Mr. Preston cites *Levine v. Allstate Insurance Co.*, 17-0896 (La. App. 4 Cir. 4/18/18), 243 So.3d 1286. Mr. Preston's reliance on *Levine* is misplaced. The injuries suffered by the plaintiff in *Levine* included surgery, wound debridement, and a skin graft. The facts of this case are distinguishable.

In other cases involving a plaintiff with injuries similar to Mr. Preston's injuries, Louisiana courts have not found an abuse of discretion when the plaintiff was awarded $2,500 in general damages per month of treatment. *See Joseph v. Houston*, 04-350 (La. App. 5 Cir. 10/12/04), 886 So.2d 1133 (finding that the trial court did not abuse its discretion in awarding plaintiff $2,500 in general damages per month of chiropractic treatment); *see also Prejeant v. Gray Ins. Co.*, 15-87 (La. App. 5 Cir. 9/23/15), 176 So.3d 704 (affirming trial court's award of $2,000 in general damages per month for soft tissue injuries). Thus, the trial court did not abuse its discretion in awarding Mr. Preston $5,000 in general damages for seven weeks of treatment.

### b. *Lost Wages*

Mr. Preston contends that this Court should review the issue of failure to award lost wages under the de novo standard because the trial court committed legal error by employing an incorrect burden of proof in its evaluation of this claim. This argument is unpersuasive.

As noted elsewhere in this opinion, lost wages are a form of special damages. The standard of review applicable to an award of special damages

9

is the manifest error standard. *Kaiser v. Hardin*, 06-2092, pp. 11-12 (La. 4/11/07), 953 So.2d 802, 810. As further explained below, Mr. Preston did not provide sufficient evidence to establish a *prima facie* case for lost wages.

To recover for lost wages, a plaintiff must prove that he would have been earning wages but for the accident in question. *See Burch v. SMG, Schindler Elevator Corp.*, 14-1356, p. 13 (La. App. 4 Cir. 4/7/16), 191 So.3d 652, 662 (citing *Boyette v. United Servs. Auto Ass'n*, 00-1918, p. 3 (La. 4/3/01), 783 So.2d 1276, 1279). While a trial court has broad discretion in assessing awards for lost earnings, there must be a factual basis in the record for the award. *See Driscoll v. Stucker*, 2004-0589, p. 29 (La. 1/19/05), 893 So.2d 32, 53 (citation omitted). For purposes of determining damages, the amount of lost earnings needs not be proved with mathematical certainty, but by such proof as reasonably establishes the claim; and such proof may consist only of the plaintiff's own testimony. *Id.* (citation omitted).

Mr. Preston described his work as "contingent on his connections" and explained that he usually obtains work by sending out text messages to his contacts. He also responded in the affirmative when asked if he would describe his job as "gig" work. Due to the impromptu nature of Mr. Preston's work, he was unable to provide a specific job that he would have had during the time he was medically unable to work.

Here, Mr. Preston's reliance on *Glover v. Preece*, 54,198 (La. App. 2 Cir. 3/9/22), 335 So.3d 495, is misplaced. In *Glover*, the plaintiff was employed at the time of the accident; and the court calculated the amount of past lost wages from her weekly earnings multiplied by the approximately thirteen paychecks she did not receive as a result of the accident. No similar

evidence was provided by Mr. Preston. As such, the facts here are distinguishable.

Mr. Preston, by his own admission, has a volatile employment, with varying periods of inactivity during the year. He did not provide a particular job that he would have been working at the time of the accident. Also, no particular wage amounts from a specific job were offered as evidence, only a range of averages of what Mr. Preston usually earned based on his tax records from 2018 and 2019. Thus, the trial court had a reasonable factual basis for denying the lost wage claim; and the court did not abuse its discretion.

## **DECREE**

For the foregoing reasons, the trial court's judgment is affirmed.

**AFFIRMED**